NO. 07-01-0247-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

DECEMBER 19, 2001

_____


CASEY LEON RIDDLEY, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 242ND DISTRICT COURT OF HALE COUNTY;

NO. B 13658-0002; HONORABLE ED SELF, JUDGE

_____

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

In this appeal, Casey Leon Riddley challenges the revocation of his community supervision granted after his conviction upon a plea of guilty of the offense of possession of cocaine with intent to deliver. The trial court assessed punishment at two years confinement in a state jail facility and a fine of $1,000, probated for five years. No appeal was brought from the conviction.

In April 2001, the State filed a motion to revoke community supervision, alleging seven violations of the terms of appellant's probation. After a hearing on June 1, 2001, appellant admitted five of the seven alleged violations, the trial court revoked his probation, and imposed the sentence originally assessed. Appellant has appealed from that judgment.

Appellant's counsel has now filed a motion to withdraw, together with an *Anders* brief. *See Anders v. California*, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). In that brief, he certifies that, after careful examination of the record, he has concluded that appellant's appeal is without merit. Along with his brief, he has provided a copy of a letter informing appellant of his intent to withdraw and of appellant's right to appeal pro se. Appellant was notified by this court that he had until September 27, 2001, to file a response to the brief, but no response has been received.

In considering matters of this type, we face two tasks as we consider the motion to withdraw. We must first satisfy ourselves that the attorney has provided the client with a diligent and thorough search of the record for any arguable claim that might support the client's appeal, and then we must determine whether counsel has correctly concluded the appeal is frivolous. *See McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 442, 108 S.Ct. 1895, 100 L.Ed.2d 440 (1988); *High v. State*, 573 S.W.2d 807, 813 (Tex.Crim.App. 1978).

2

The reporter's record establishes that appellant pled true to five of the seven alleged violations of his community supervision, and the State introduced into evidence appellant's signed written plea of true and stipulation of evidence. An order revoking probation shall be affirmed if one sufficient ground for revocation supports the order. *Moore v. State*, 605 S.W.2d 924, 926 (Tex.Crim.App. 1980).

We have also made an independent examination of the record to determine whether there are any arguable grounds which might support the appeal. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991). Finding none, we agree with counsel that the appeal is without merit and is therefore frivolous. *Currie v. State*, 516 S.W.2d 684 (Tex.Crim.App. 1974).

Accordingly, the motion to withdraw is granted, and the judgment is affirmed.

John T. Boyd
Chief Justice

Do not publish.

3