NO. 07-02-0193-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

DECEMBER 30, 2002

_____

JOSE ANGEL TANGUMA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 242ND DISTRICT COURT OF HALE COUNTY;

NO. B11652-9402; HONORABLE ED SELF, JUDGE

_____

Before QUINN and REAVIS, JJ. and BOYD, S.J.[*]

Pursuant to a plea bargain, appellant Jose Angel Tanguma was convicted of indecency with a child and punishment was assessed at ten years confinement and a $2000 fine, suspended. After a hearing on the State's second motion to revoke, the trial court revoked appellant's community supervision and assessed the original punishment.

_____

[*]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.

In presenting this appeal, counsel has filed an *Anders*[1] brief in support of a motion to withdraw. Based upon the rationale expressed herein, the motion to withdraw is granted and the judgment is affirmed.

In support of his motion to withdraw, counsel has certified that he has diligently reviewed the record and, in his opinion, the record reflects no reversible error or grounds upon which an appeal can be predicated. Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Thus, he concludes the appeal is frivolous and without merit. In compliance with High v. State, 573 S.W.2d 807, 813 (Tex.Cr.App. 1978), counsel has discussed why, under the controlling authorities, there is no error in the court's judgment. Counsel has also shown that he sent a copy of the brief to appellant, and informed appellant that, in counsel's view, the appeal is without merit. In addition, counsel has demonstrated that he notified appellant of his right to review the record and file a *pro se* brief if he desired to do so. Appellant did not file a *pro se* brief and the State did not favor us with a brief.

A review of the record shows that in 1994 appellant was convicted of indecency with a child and received a suspended sentence. In 1999, upon the State's first motion to revoke and appellant's plea of true, the trial court ordered that community supervision be continued and that community service be performed at the rate of ten hours per month.

---

[1]Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

A second motion to revoke alleging six violations of the conditions of community supervision was filed on March 5, 2002.

At a hearing on the State's motion, appellant plead not true to the allegations contained therein. However, appellant stipulated to willfully and knowingly violating allegations three, four, and five, to-wit: (3) failing to be home each night no later than 9:00 p.m. and remain there until 6:00 a.m. on February 8, 2002; (4) failing to complete 400 hours of community service at the rate of ten hours per month; and (5) failing to report any arrest or detention within 24 hours. The State withdrew its sixth allegation and evidence was heard on allegations one and two, to-wit: (1) appellant committed an offense on February 8, 2002, by causing bodily injury to his girlfriend, and (2) appellant failed to keep his community supervision officer advised of his correct address and change in employment, as well as the allegations stipulated to.

Appellant's girlfriend, the alleged victim of the offense committed on February 8, 2002, testified that she, appellant, and other family members were having dinner at a restaurant to celebrate appellant's birthday. She was sad about some difficult times they were going through and became teary. She testified that after appellant comforted her and while she was in the restroom washing up, police arrived to arrest appellant for injuring her. She denied that appellant caused her any injury and was unaware of who had called the police. Appellant also testified that he did not injure his girlfriend.

Appellant's community supervision officer testified that appellant failed to report that he lost his job within 48 hours and that his notice of a change of address was also untimely. Appellant testified that he could not recall when he reported a change in employment and address to his community supervision officer. He did agree that he violated the third, fourth, and fifth allegations in the State's motion to revoke. Appellant's former community supervision officer testified that appellant was not performing community service at the rate of ten hours per month. The trial court found that appellant violated allegations two, three, four, and five contained in the State's motion, but did not find that he caused bodily injury to his girlfriend.

When reviewing an order revoking community supervision, the sole question before this Court is whether the trial court abused its discretion. Jackson v. State, 645 S.W.2d 303, 305 (Tex.Cr.App. 1983). In a revocation proceeding, the State must prove by a preponderance of the evidence that appellant violated a condition of community supervision. Cobb v. State, 851 S.W.2d 871, 874 (Tex.Cr.App. 1993). One sufficient ground for revocation supports the trial court's order. Moore v. State, 605 S.W.2d 924, 926 (Tex.Cr.App. 1980). The stipulations and evidence established that appellant violated four of the five allegations raised by the State. Thus, the trial court did not abuse its discretion in revoking appellant's community supervision.

We have also made an independent examination of the entire record to determine whether there are any other arguable grounds which might support this appeal. *See*

Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988). We have found no nonfrivolous issues and agree with counsel that the appeal is without merit and is, therefore, frivolous. Currie v. State, 516 S.W.2d 684 (Tex.Cr.App. 1974); Lacy v. State, 477 S.W.2d 577, 578 (Tex.Cr.App. 1972).

Accordingly, counsel's motion to withdraw is hereby granted and the judgment of the trial court is affirmed.

Don H. Reavis
Justice

Do not publish.