NO. 07-03-0286-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



APRIL 20, 2004



______________________________




JIMMY WASHINGTON, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 242ND DISTRICT COURT OF HALE COUNTY;



NO. B13049-9806; HONORABLE ED SELF, JUDGE



_______________________________



Before QUINN and REAVIS, JJ. and BOYD, S.J. (1)

MEMORANDUM OPINION


 Following his plea of not true, the trial court heard evidence that appellant Jimmy
Washington had violated several conditions of his community supervision, which had been
granted upon his conviction for burglary of a habitation. Finding that the State's allegations
were supported by the evidence, appellant's community supervision was revoked and
punishment was assessed at five years confinement and a $1,000 fine. In presenting this
appeal, counsel has filed an Anders (2) brief in support of a motion to withdraw. We affirm
and grant counsel's motion to withdraw.

 In support of his motion to withdraw, counsel has certified that he has diligently
reviewed the record and, in his opinion, the record reflects no reversible error or grounds
upon which an appeal can be predicated. Anders v. California, 386 U.S. 738, 744-45, 87
S.Ct. 1396, 18 L.Ed.2d 493 (1967). Thus, he concludes the appeal is frivolous and without
merit. In compliance with High v. State, 573 S.W.2d 807, 813 (Tex.Cr.App. 1978), counsel
has discussed why, under the controlling authorities, there is no error in the court's
judgment. Counsel has also shown that he sent a copy of the brief to appellant, and
informed appellant that, in counsel's view, the appeal is without merit. In addition, counsel
has demonstrated that he notified appellant of his right to review the record and file a pro
se brief if he desired to do so. Appellant did not file a pro se brief and the State did not
favor us with a brief.

 A review of the record establishes that appellant was convicted of burglary of a
habitation in 1998 and placed on community supervision for five years. On February 21,
2002, the State filed a motion to revoke alleging appellant had violated the following
conditions of his community supervision: (1) failed to report; (2) failed to report a change
of address or change of employment within 48 hours; (3) failed to pay restitution and
community supervision fees; and (4) did not refrain from use of alcohol or controlled
substances.

 At the hearing on the State's motion appellant's community supervision officer
testified that he failed to report as required in Hale County for the months of May, June,
and October 1999, and June, July, and August 2000. After his community supervision was
transferred to Taylor County, he also failed to report there, and by mail in Hale County for
the months of September, October, November, and December 2001, and January and
February 2002. Testimony was also presented that appellant did not report a change of
address after moving from Abilene, and at the time the State's motion was filed, his
whereabouts were unknown. Appellant was also delinquent in community supervision fees
and on September 27, 2001, his urine specimen contained cocaine.

 During his testimony appellant admitted he had not reported to his community
supervision officer in Hale County. He claimed, however, that he contacted the community
supervision office in Taylor County regarding his transfer and was informed that there was
no paperwork or file on him. He never received a letter regarding his transfer and made
no further attempts to contact the office. He acknowledged living in Abilene for six or
seven months and then moving to El Paso, where he was arrested twice. 

 When reviewing an order revoking community supervision, the sole question before
this Court is whether the trial court abused its discretion. Jackson v. State, 645 S.W.2d
303, 305 (Tex.Cr.App. 1983). In a revocation proceeding, the State must prove by a
preponderance of the evidence that appellant violated a condition of community
supervision. Cobb v. State, 851 S.W.2d 871, 874 (Tex.Cr.App. 1993). One sufficient
ground for revocation supports the trial court's order. Moore v. State, 605 S.W.2d 924, 926
(Tex.Cr.App. 1980). The evidence presented supports the State's allegations; thus, the
trial court did not abuse its discretion in revoking appellant's community supervision. 

 We have also made an independent examination of the entire record to determine
whether there are any other arguable grounds which might support this appeal. See
Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988). We have found no
non-frivolous issues and agree with counsel that the appeal is without merit. Currie v.
State, 516 S.W.2d 684 (Tex.Cr.App. 1974); Lacy v. State, 477 S.W.2d 577, 578
(Tex.Cr.App. 1972).

 Accordingly, counsel's motion to withdraw is hereby granted and the judgment of the
trial court is affirmed.

 Don H. Reavis

 Justice


Do not publish.
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by
assignment.
2. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).



-height: 0.416667in"> 
 
          The cause is abated and remanded to the trial court for further proceedings in
accordance with this order.
          
                                                                                      Per Curiam
Do not publish.