# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-04-00665-CR

---

**Johnny Lee Steen, Appellant**

**v.**

**The State of Texas, Appellee**

---

**FROM THE DISTRICT COURT OF CALDWELL COUNTY, 274TH JUDICIAL DISTRICT
NO. 2001-229, HONORABLE TODD BLOMERTH, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

In October 2002, appellant Johnny Lee Steen pleaded guilty to possessing more than four grams of cocaine. *See* Tex. Health & Safety Code Ann. § 481.115 (West 2003). The trial court adjudged him guilty and assessed his punishment at imprisonment for ten years. As called for in a plea bargain agreement, the court suspended imposition of sentence and placed appellant on community supervision for ten years. This is an appeal from an order revoking supervision and imposing sentence.

The court found that appellant violated the conditions of supervision by: (1) negligently causing bodily injury to an elderly person; (2) failing to pay ordered court costs, supervision fees, and restitution; and (3) failing to perform ordered community supervision. In three

points of error, appellant challenges the sufficiency of the evidence to support these findings. In a fourth point, he complains that the court failed to give him jail time credit to which he is entitled.

The State has the burden of proving a violation of the terms and conditions of community supervision by a preponderance of the evidence. *Cobb v. State*, 851 S.W.2d 871, 874 (Tex. Crim. App. 1993). It meets this burden if the greater weight of credible evidence creates a reasonable belief that a condition of supervision was violated as alleged. *Jenkins v. State*, 740 S.W.2d 435, 437 (Tex. Crim. App. 1983). The violation of a single condition is sufficient to support revocation. *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980). Our review of a revocation order is limited to determining whether the trial court abused its discretion. *Cardona v. State*, 665 S.W.2d 492, 495 (Tex. Crim. App. 1984).

The conditions of supervision required appellant to perform 240 hours of community service by March 1, 2004, at a rate of 16 hours per month. The evidence shows that during this same time period appellant was also required to perform 24 hours of community service as a condition of probation in a misdemeanor case. At the revocation hearing held in September 2004, appellant's probation officer testified that appellant had performed some community service hours that had been credited to the misdemeanor, but that he had no credit for any community service in this cause. The witness added, "The way it's set up, since it's been two years, the deadlines, he could have completed the misdemeanor and done some in the felony case. He's required to do 16 hours minimum, 16 hours a month. And over the two years, he could have easily completed 24 community service on the misdemeanor case and gotten some hours taken care of on the felony case."

Appellant argues that it was impossible for him to complete the required 240 hours of community service within the time prescribed. As a simple mathematical calculation demonstrates, this is not true. In any event, the greater weight of the credible evidence demonstrates that appellant had ample time to perform *some* of the required community service hours, yet he had not performed any. The trial court did not abuse its discretion by finding that appellant violated the conditions of his supervision by failing to perform community service as ordered. Point of error three is overruled. We need not address points one and two challenging the sufficiency of the evidence with respect to the other alleged violations.

In point of error four, appellant contends that he is entitled to credit for the time served in jail following his arrest on the motion to revoke. Appellant does not state the amount of credit to which he is entitled, but the State concedes that he is entitled to credit for 71 days. We therefore sustain point of error four and modify the revocation order to give appellant credit for 71 days of time served.

As modified, the order revoking supervision is affirmed.

_____

W. Kenneth Law, Chief Justice

Before Chief Justice Law, Justices Patterson and Puryear

Modified and, as Modified, Affirmed

Filed: April 13, 2006

Do Not Publish