NO. 07-07-0093-CR


NO. 07-07-0094-CR


NO. 07-07-0095-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



JUNE 5, 2007


______________________________



SABAS RODRIGUEZ, 



 Appellant


v.



THE STATE OF TEXAS, 



 Appellee

_________________________________



FROM THE 64TH DISTRICT COURT OF HALE COUNTY;


NOS. A15790-0411; A15791-0411; B15950-0503; 


HON. ROBERT W. KINKAID, JR., PRESIDING


_______________________________



Memorandum Opinion


______________________________



Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

 Sabas Rodriguez (appellant) appeals three judgments revoking his community
supervision. He was originally convicted of forgery and theft via a plea bargain and
received a sentence of two years in a state jail facility. His sentence was suspended, and
he was placed on probation for five years. Subsequently, the State filed two separate
motions to revoke that probation. The second resulted in its revocation and his
incarceration for two years. Appellant timely noticed his appeal. His appointed counsel
then moved to withdraw, after filing a brief pursuant to Anders v. California, 386 U.S. 738,
87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and representing that he had searched the record
and found no arguable grounds for reversal. The motion and brief illustrated that appellant
was informed of his rights to review the appellate record and file his own brief. So too did
we inform appellant that any pro se response or brief he cared to file had to be filed by May
31, 2007. To date, appellant has filed no pro se response or brief. 

 In compliance with the principles enunciated in Anders, appellate counsel discussed
one potential area for appeal that concerned the sufficiency of the evidence supporting the
trial court's determination to revoke appellant's probation. However, counsel explained
how "the overwhelming weight of the evidence does not appear to require reversal."

 So too did we conduct an independent review of the record to determine whether
there existed reversible error and found none. See Stafford v. State, 813 S.W.2d 503, 511
(Tex. Crim. App. 1991) (requiring us to conduct an independent review). Since no appeal
was taken within 30 days from the date of appellant's guilty plea and original conviction,
we have no jurisdiction over any purported error arising from or prior to the plea hearing. 
Manuel v. State, 944 S.W.2d 658, 661-62 (Tex. Crim. App. 1999); see Cooper v. State, 45
S.W.3d 77, 83 (Tex. Crim. App. 2001). Moreover, appellant pled true to more than a
majority of the grounds upon which the State sought to revoke his probation. Finding any
one ground to exist entitled the trial court to grant the State's motion. Moore v. State, 605
S.W. 2d 924, 926 (Tex. Crim. App. 1979). Finally, the punishment levied was within the
range provided by statute. 

 Accordingly, we grant counsel's motion to withdraw and affirm the judgments of the
trial court.


 Brian Quinn 

 Chief Justice



Do not publish. 



eption Locked="false" Priority="35" QFormat="true" Name="caption"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









 NO. 07-04-0077-CV

 

IN THE COURT OF APPEALS

 

FOR THE SEVENTH DISTRICT OF TEXAS

 

AT AMARILLO

 

PANEL A

 

JULY 19, 2010

 

______________________________

 

 

DALE SUE JONES AND STANLEY RAY JONES, APPELLANTS

 

V.

 

TED SCOTT, M.D., APPELLEE

 

 

_________________________________

 

FROM THE 72ND DISTRICT COURT OF LUBBOCK
COUNTY;

 

NO.2001-513;918; HONORABLE J.
BLAIR CHERRY, JR., JUDGE[1]

 

_______________________________

 

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

ORDER

            By an order issued July
7, 2010, this Court addressed the Motion
to Dismiss for Failure to Prosecute, filed on June 3, 2010, by the
Appellee, Dr. Ted Scott.  Furthermore,
due to the death of Appellant, Dale Sue Jones, this Court found that a licensed
attorney was required to represent the interests of her estate in this
appeal.  In the course of attempting to
summarize the procedural history of this case, we concluded that New
Reflections, a defendant below, was not a party to this appellate proceeding.  Based upon that statement, New Reflections sought
to withdraw its Motion of Appellee to
Extend Time to File Brief, which was filed on the same day our order was
issued.  Having investigated this matter
further, we conclude that we were mistaken in our conclusion that New
Reflections was not properly before this Court. 


            A review of the First
Supplemental Clerk's Record reveals that a Notice
of Intent to Appeal (See Appendix
1) was filed, giving notice of Appellants' intent to appeal the order of the
trial court issued on November 6, 2003, granting New Reflections's
Motion for Summary Judgment, pertaining
to Appellants' DTPA cause of action against New Reflections.  Although this notice of appeal was filed with
the trial court clerk on November 17, 2003, it was inadvertently not forwarded
to this Court until July 7, 2004. 
Therefore, although it predates the notice of appeal that initiated this
cause (See Appendix 2), it does
constitute proper notice of appeal as to Appellants' DTPA cause of action
against New Reflections.  Therefore, we
withdraw that portion of our prior order of July 7, 2010, pertaining to the
status of Appellants' claims against New Reflections, and hereby clarify that
New Reflections is a party to this proceeding. 
Despite the request to withdraw New Reflections's
Motion of Appellee to Extend Time to File
Brief, we now grant that motion
and order that Appellee, New Reflections, have until August 6, 2010, to file
its brief in response to Appellants'
Brief in Chief filed by Appellant, Stanley Jones.  

            In accordance with our
order of July 7, 2010, a brief presenting the merits of Dale Sue Jones's claims
is due to be filed in this Court on or before October 4, 2010.  By order of this Court, Appellee, New
Reflections, is sua sponte granted an
extension of time in which to file its brief in response to the claims of Dale
Sue Jones until thirty days after her brief, if any, is filed. 

            It is so ordered.

                                                                                                Per Curiam

 











[1]Hon.
Richard Dambold, (Ret.), sitting
by assignment.  Tex. Gov=t
Code Ann. '75.002(a)(3)
(Vernon 2005).