NO. 07-07-0093-CR
NO. 07-07-0094-CR
NO. 07-07-0095-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JUNE 5, 2007
_____

SABAS RODRIGUEZ,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 64TH DISTRICT COURT OF HALE COUNTY;
NOS. A15790-0411; A15791-0411; B15950-0503;
HON. ROBERT W. KINKAID, JR., PRESIDING
_____

*Memorandum Opinion*
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Sabas Rodriguez (appellant) appeals three judgments revoking his community supervision. He was originally convicted of forgery and theft via a plea bargain and received a sentence of two years in a state jail facility. His sentence was suspended, and he was placed on probation for five years. Subsequently, the State filed two separate motions to revoke that probation. The second resulted in its revocation and his

incarceration for two years. Appellant timely noticed his appeal. His appointed counsel then moved to withdraw, after filing a brief pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and representing that he had searched the record and found no arguable grounds for reversal. The motion and brief illustrated that appellant was informed of his rights to review the appellate record and file his own brief. So too did we inform appellant that any *pro se* response or brief he cared to file had to be filed by May 31, 2007. To date, appellant has filed no *pro se* response or brief.

In compliance with the principles enunciated in *Anders*, appellate counsel discussed one potential area for appeal that concerned the sufficiency of the evidence supporting the trial court's determination to revoke appellant's probation. However, counsel explained how "the overwhelming weight of the evidence does not appear to require reversal."

So too did we conduct an independent review of the record to determine whether there existed reversible error and found none. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991) (requiring us to conduct an independent review). Since no appeal was taken within 30 days from the date of appellant's guilty plea and original conviction, we have no jurisdiction over any purported error arising from or prior to the plea hearing. *Manuel v. State*, 944 S.W.2d 658, 661-62 (Tex. Crim. App. 1999); *see Cooper v. State*, 45 S.W.3d 77, 83 (Tex. Crim. App. 2001). Moreover, appellant pled true to more than a majority of the grounds upon which the State sought to revoke his probation. Finding any one ground to exist entitled the trial court to grant the State's motion. *Moore v. State*, 605 S.W. 2d 924, 926 (Tex. Crim. App. 1979). Finally, the punishment levied was within the range provided by statute.

Accordingly, we grant counsel's motion to withdraw and affirm the judgments of the trial court.

Brian Quinn
Chief Justice

Do not publish.