NO. 07-06-0270-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



JULY 19, 2007


______________________________



DANNY VILLA, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE


_________________________________



FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2006-412699; HONORABLE CECIL G. PURYEAR, JUDGE


_______________________________




Before CAMPBELL, HANCOCK and PIRTLE, JJ.

ON ABATEMENT AND REMAND


 Appellant Danny Villa (1) appeals his convictions for the felony offense of driving while
intoxicated and punishment, enhanced by two prior felony convictions, at life imprisonment. 
We abate and remand this cause to the trial court for appointment of new counsel.

 Appellant's counsel has filed a motion to withdraw and a brief in support pursuant
to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), in which she
represents she has searched the record and, in her professional opinion, under the
controlling authorities and facts of the case there is no reversible error or legitimate
grounds for appeal. Counsel has informed appellant by letter of his right to review the trial
record and to file a pro se response. Johnson v. State, 885 S.W.2d 641, 645
(Tex.App.-Waco 1994, pet. ref'd). By letter this court also notified appellant of his
opportunity to submit a response to the Anders brief and motion to withdraw filed by his
counsel. Appellant has filed a pro se response raising four issues he believes show the
appeal has merit. The State has filed a brief addressing the issues in appellant's
response.

 Having reviewed the record and attempted to address the matters discussed in
appointed counsel's Anders brief, appellant's pro se response and the State's brief, we find
that we cannot do so without addressing the merits of those matters. Accordingly, we must
conclude that arguable grounds for appeal exist. See Bledsoe v. State, 178 S.W.3d 824,
826-27 (Tex.Crim.App. 2005) (discussing choices available to court of appeals faced with
Anders brief and pro se response). 

 To ensure appellant's right to counsel, we grant appellant's present counsel's
motion to withdraw, abate the appeal, and remand the cause to the trial court for
appointment of new counsel. See Bledsoe, 178 S.W.3d at 827; Stafford v. State, 813
S.W.2d 503, 511 (Tex.Crim.App. 1991). We direct the trial court to appoint new counsel
to represent appellant on appeal. The trial court shall furnish the name, address,
telephone number, and state bar number of new counsel to the clerk of this court
immediately after the appointment is ordered. Appellant's brief shall be due forty-five days
from the date of the trial court's appointment of new counsel. All other appellate deadlines
shall be in accord with the Texas Rules of Appellate Procedure.

 It is so ordered.

 Per Curiam


Do not publish.

 
1. The indictment shows appellant's name as Daniel Villa. During a pretrial hearing
appellant informed the court his true name is Danny Villa and the trial judge stated the style
of the case would be in the corrected name. See Tex. Code Crim. Proc. Ann. art. 26.08
(Vernon 1989). 



led to show that appellant reported the arrest, or that appellant was behind in the
performance of community service hours. We conclude that the trial court did not abuse
its discretion in making affirmative findings that the evidence was sufficient to prove by a
preponderance of the evidence that appellant had violated two conditions of his community
supervision. Since the trial court could have revoked appellant's community supervision
on either violation it found true, we conclude that the trial court did not abuse its discretion
in revoking appellant's community supervision. See Moore v. State, 605 S.W.2d 924, 926
(Tex.Crim.App. 1980). 



Conclusion

 For the foregoing reasons, we affirm the trial court's revocation of appellant's
community supervision. 


 Mackey K. Hancock

Justice








 

Do not publish. 

1. Although appellant further contends that the trial court considered hearsay
testimony during the revocation proceedings, no objection was made during the
proceedings. Therefore, such issue has not been properly preserved. Tex. R. App. P.
33.1(a).