**Ricky Levone MOORE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 58883, 58884.**

Court of Criminal Appeals of Texas, Panel No. 1.

Oct. 15, 1980.

Leonard M. Roth, Houston, for appellant.

Carol S. Vance, Dist. Atty., Clyde F. DeWitt, III, and Doug Shaver, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P. J., and DOUGLAS and W. C. DAVIS, JJ.

OPINION

W. C. DAVIS, Judge.

Cause No. 58,884 is an appeal from a conviction for the offense of aggravated

sexual abuse. The punishment was assessed at imprisonment for ninety–nine years. Cause No. 58,883 is an appeal from an order revoking probation. In the case of the latter cause number, the appellant had pled guilty to the offense of attempted rape. Punishment was assessed at imprisonment for six years but the sentence was suspended and the appellant was placed on probation. We shall discuss each case separately.

In Cause No. 58,884, the appellant argues that the indictment is fatally defective because it fails to allege all the essential elements of aggravated sexual abuse. The indictment in part alleged that the appellant did,

"unlawfully with intent to arouse the sexual desire of the Defendant and by force and threat to inflict serious bodily injury and death to and without the effective consent of Vanessa Pettaway, a person not his spouse and hereafter styled the Complainant, have deviate sexual intercourse with the Complainant . . ."

V.T.C.A. Penal Code, Sec. 21.05, which defines aggravated sexual abuse provides in part:

"(a) A person commits an offense if he commits sexual abuse as defined in Section 21.04 of this code or sexual abuse of a child as defined in Section 21.10 of this code and he

\*     \*     \*     \*     \*     \*

(2) compels submission to the sexual abuse by threat of death, serious bodily injury, or kidnapping to be imminently inflicted on anyone."

■ The appellant contends that there was a total failure to allege that he threatened the complainant with *imminent* death or serious bodily injury. We agree and reverse.

The statute states that the threat must provide for the imminent infliction of death, serious bodily injury, or kidnapping. Just as the indictment must allege that the

threat was of death, serious bodily injury or kidnapping, so must the indictment allege the threat was of imminent harm. Anything less would not allege all the elements of the offense of aggravated sexual abuse.

The language of this statute tracks the language of V.T.C.A. Penal Code, Sec. 21.03 which outlines the offense of aggravated rape. See also V.T.C.A. Penal Code, Sections 22.01(a)(2), and 29.02(a)(2). In the practice commentary to Section 21.03, it is noted that the threatened harm must be "imminent" and "hence a threat to harm someone at an indeterminate time in the future does not aggravate." This Court in *Blount v. State*, 542 S.W.2d 164 (Tex.Cr. App.1976), reversed an aggravated rape conviction because the aggravation element was not established by the evidence. The threat involved was held to be conditional and to take place at some indefinite time in the future and therefore not "imminent."

In the case at bar the indictment alleges only that a threat was made. It completely fails to allege that the threatened harm was to take place very shortly upon failure by the complainant to submit to the appellant's demands. Such imminent infliction of harm cannot be inferred from the allegations in the indictment. Nor does the indictment allege that a deadly weapon was displayed so as to constitute a threat of imminent harm. See *Robinson v. State*, 596 S.W.2d 130, 133 (Tex.Cr.App.1980), footnote 7. Therefore, we conclude that the indictment in Cause No. 58,884 is fatally defective for its failure to allege "imminent" harm· the judgment is reversed.

In Cause No. 58,883, the appellant pled guilty on September 16, 1976 to the offense of attempted rape. The sentence was suspended and the appellant was placed on probation.

On July 5, 1977, after hearing the State's Motion to Revoke Probation, the trial court found that the appellant had violated the terms of his probation. The Motion to Revoke Probation was tried with Cause No. 58,884 and further evidence was admitted

at the hearing once the trial in Cause No. 58,884 had concluded. The trial court found that the appellant had violated the terms of his probation by committing the offenses of aggravated sexual abuse and escape.

■ The appellant has failed to raise any contentions concerning the finding that he committed the offense of escape. Nor does our review reveal any error. We need not address appellant's other contentions since one sufficient ground for revocation will support the court's order to revoke probation. *Jones v. State*, 571 S.W.2d 191 (Tex.Cr.App.1978). Nothing is presented for review.

The judgment in Cause No. 58,883 is affirmed.

The judgment in Cause No. 58,884 is reversed and the cause is remanded.