TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00036-CR







David Martin Holloman, Appellant



v.



The State of Texas, Appellee







FROM THE COUNTY COURT OF LAMPASAS COUNTY


NO. 9469, HONORABLE NORRIS MONROE, JUDGE PRESIDING







PER CURIAM


 This is an appeal from an order revoking probation. Appellant was placed on
probation following his conviction for driving while intoxicated. Act of May 27, 1983, 68th Leg.
R.S., ch. 303, § 3, 1983 Tex. Gen. Laws 1568, 1574 (Tex. Rev. Civ. Stat. Ann. art. 6701l-1(b),
(c), since amended and codified at Tex. Penal Code Ann. § 49.04). The punishment is
incarceration for ninety days.

 Appellant first contends that the State failed to identify him as the person placed
on probation in this cause. B.J. Thomas, unit supervisor for the Lampasas County probation
department, identified appellant and testified that he was present in court on the day appellant was
placed on probation in this cause. Thomas testified that he took appellant to the probation
department at the conclusion of trial. Billie Joe Evans, a Lampasas County probation officer,
identified appellant and testified that he met appellant when he was brought to the probation
department after being placed on probation. Evans stated that he was appellant's probation officer
at all times.

 Appellant argues that Thomas's testimony was impeached by his admission during
cross-examination that he had been "in and out" of court on the day in question. Appellant asserts
that Evans's testimony has no weight because he admitted not being present in the courtroom
when appellant was placed on probation.

 The burden of proof at a probation revocation hearing is by a preponderance of the
evidence. Ortega v. State, 860 S.W.2d 561, 564 (Tex. App.--Austin 1993, no pet.). The trial
court is the trier of fact at the revocation hearing and the judge of the credibility of the witnesses
and the weight of the testimony. Id. An appellate court reviews the evidence in the light most
favorable to the trial court's findings. Id. Applying these principles to the testimony in this
cause, we find the evidence sufficient to support the finding that appellant was the person placed
on probation. Point of error one is overruled.

 Next, appellant urges that the evidence does not support the finding that he violated
the conditions of probation by committing the offense of driving while intoxicated. Copperas
Cove police officer Charles Clayton testified that he stopped a car driven by appellant for
observed traffic offenses. When the officer approached appellant, who remained seated in his car,
he noticed the odor of alcoholic beverage. Appellant's eyes were glassy, his motions were slow
and distinct, and his speech was slurred. Appellant had difficulty finding his driver's license. 
The officer instructed appellant to exit his car and asked him to perform various field sobriety
tests. Based on appellant's performance of these tests and the other evidence, Clayton concluded
that appellant was intoxicated and placed him under arrest.

 Appellant points to what he asserts are inconsistencies and weaknesses in Clayton's
testimony and, in essence, argues that the officer's testimony should not have been believed. But,
as previously noted, the credibility of the witness was a question for the county court. Viewed
in the light most favorable to the court's finding, Clayton's testimony is sufficient to establish by
a preponderance of the evidence that appellant violated the conditions of probation by committing
the offense of driving while intoxicated. Point of error two is overruled.

 Points of error three and four challenge the sufficiency of the evidence with respect
to the other two violations of probation found by the county court. Because there is sufficient
evidence to sustain the first violation found by the court, we need not address these points. Moore
v. State, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980).

 The order revoking probation is affirmed.


Before Justices Powers, Kidd and B. A. Smith

Affirmed

Filed: October 18, 1995

Do Not Publish



BLE NORRIS MONROE, JUDGE PRESIDING







PER CURIAM


 This is an appeal from an order revoking probation. Appellant was placed on
probation following his conviction for driving while intoxicated. Act of May 27, 1983, 68th Leg.
R.S., ch. 303, § 3, 1983 Tex. Gen. Laws 1568, 1574 (Tex. Rev. Civ. Stat. Ann. art. 6701l-1(b),
(c), since amended and codified at Tex. Penal Code Ann. § 49.04). The punishment is
incarceration for ninety days.

 Appellant first contends that the State failed to identify him as the person placed
on probation in this cause. B.J. Thomas, unit supervisor for the Lampasas County probation
department, identified appellant and testified that he was present in court on the day appellant was
placed on probation in this cause. Thomas testified that he took appellant to the probation
department at the conclusion of trial. Billie Joe Evans, a Lampasas County probation officer,
identified appellant and testified that he met appellant when he was brought to the probation
department after being placed on probation. Evans stated that he was appellant's probation officer
at all times.

 Appellant argues that Thomas's testimony was impeached by his admission during
cross-examination that he had been "in and out" of court on the day in question. Appellant asserts
that Evans's testimony has no weight because he admitted not being present in the courtroom
when appellant was placed on probation.

 The burden of proof at a probation revocation hearing is by a preponderance of the
evidence. Ortega v. State, 860 S.W.2d 561, 564 (Tex. App.--Austin 1993, no pet.). The trial
court is the trier of fact at the revocation hearing and the judge of the credibility of the witnesses
and the weight of the testimony. Id. An appellate court reviews the evidence in the light most
favorable to the trial court's findings. Id. Applying these principles to the testimony in this
cause, we find the evidence sufficient to support the finding that appellant was the person placed
on probation. Point of error one is overruled.

 Next, appellant urges that the evidence does not support the finding that he violated
the conditions of probation by committing the offense of driving while intoxicated. Copperas
Cove police officer Charles Clayton testified that he stopped a car driven by appellant for
observed traffic offenses. When the officer approached appellant, who remained seated in his car,
he noticed the odor of alcoholic beverage. Appellant's eyes were glassy, his motions were slow
and distinct, and his speech was slurred. Appellant had difficulty finding his driver's license. 
The officer instructed appellant to exit his car and asked him to perform various field sobriety
tests. Based on appellant's performance of these tests and the other evidence, Clayton concluded
that appellant was intoxicated and placed him under arrest.

 Appellant points to what he asserts are inconsistencies and weaknesses in Clayton's
testimony and, in essence, argues that the officer's testimony should not have been believed. But,
as previously noted, the credibility of the wit