TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-96-00186-CR

Adrian Dean Melton, Appellant

v.

The State of Texas, Appellee

FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT

NO. 0944052, HONORABLE WILFORD FLOWERS, JUDGE PRESIDING

PER CURIAM

 This is an appeal from an order revoking community supervision. The underlying conviction
is for possession of cocaine. Controlled Substances Act, 71st Leg., R.S., ch. 678, sec. 1, § 481.115,
1989 Tex. Gen. Laws 2230, 2936 (Tex. Health & Safety Code Ann. § 481.115, since amended). The
punishment is imprisonment for five years and a $750 fine.

 The district court found that appellant violated his supervisory conditions by, among other
things, failing to pay his fine, supervision fees, court costs, and Crime Stoppers fee. Appellant concedes
that he did not pay, but contends the State failed to prove that his failure to pay was intentional. At the
revocation hearing, appellant testified that he was unemployed and unable to pay. During cross-examination, appellant admitted that he regularly purchased marihuana while on probation. When asked
why he did not save this money to pay his fine and fees, appellant replied, "I just didn't." The district court,
as trier of fact, could reasonably conclude by a preponderance of the evidence that appellant's failure to
pay was intentional. Point of error three is overruled.

 The other points of error complain of the other violations of the conditions of supervision
found by the district court. Because a single violation will support the revocation order, we need not
address these points. Moore v. State, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980).

 The order revoking community supervision is affirmed.

Before Justices Powers, Aboussie and Jones

Affirmed

Filed: September 25, 1996

Do Not Publish