TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-96-00232-CR







Richard Palacios, Appellant



v.



The State of Texas, Appellee








FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT


NO. 0935517, HONORABLE JON N. WISSER, JUDGE PRESIDING







PER CURIAM



 Appellant was placed on community supervision following a conviction for driving while
intoxicated, third offense. See Tex. Penal Code Ann. §§ 49.04(a), 49.09(b) (West Supp. 1997). The
district court later revoked supervision and sentenced appellant to imprisonment for five years after finding
that appellant violated the conditions of supervision. In five points of error, appellant challenges the
sufficiency of the evidence as to each of the violations found by the court.

 One of the violations found by the court was that appellant committed a subsequent offense,
driving while intoxicated, on February 7, 1996. William Greer testified that he was involved in a two-car
collision on that night. According to Greer, the driver and only occupant of the second automobile was
appellant. Austin police officer Steven Scharer investigated this accident. Scharer testified that appellant told him he was driving. Scharer also testified
that appellant's eyes were bloodshot and that he had about him a "fairly strong odor" of alcoholic beverage. 
In addition, appellant was unsteady on his feet and began to cry. Appellant failed several field sobriety
tests. Scharer arrested appellant for driving while intoxicated.

 Appellant contends the evidence does not support a finding that he was driving on February
7. Although he admitted to Scharer that he was driving, appellant urges that this extrajudicial confession
was not corroborated. Appellant asserts that Greer's testimony does not provide that corroboration
because Greer testified that his glasses were knocked off in the collision. Appellant hypothesizes that the
driver of the second car could have escaped in the time it took Greer to recover his glasses.

 There is no evidence regarding the quality of Greer's vision without his glasses. Moreover,
Greer's credibility and the weight to give his testimony was for the district court, as trier of fact, to
determine. The preponderance of the evidence adduced at the revocation hearing supports the finding that
appellant violated the conditions of supervision by committing the offense of driving while intoxicated, and
the district court did not abuse its discretion by revoking probation on that basis. See Ortega v. State, 860
S.W.2d 561, 564 (Tex. App.--Austin 1993, no pet.) (burden of proof; standard of appellate review). 

 Point of error one is overruled. Because a single violation of the supervisory conditions is
sufficient to sustain the revocation order, we do not address the remaining points of error. Moore v. State,
605 S.W.2d 924, 926 (Tex. Crim. App. 1980).

 The order revoking community supervision is affirmed.


Before Chief Justice Carroll, Justices Kidd and B. A. Smith

Affirmed

Filed: December 19, 1996

Do Not Publish



ect 9">




TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-96-00232-CR







Richard Palacios, Appellant



v.



The State of Texas, Appellee








FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT


NO. 0935517, HONORABLE JON N. WISSER, JUDGE PRESIDING







PER CURIAM



 Appellant was placed on community supervision following a conviction for driving while
intoxicated, third offense. See Tex. Penal Code Ann. §§ 49.04(a), 49.09(b) (West Supp. 1997). The
district court later revoked supervision and sentenced appellant to imprisonment for five years after finding
that appellant violated the conditions of supervision. In five points of error, appellant challenges the
sufficiency of the evidence as to each of the violations found by the court.

 One of the violations found by the court was that appellant committed a subsequent offense,
driving while intoxicated, on February 7, 1996. William Greer testified that he was involved in a two-car
collision on that night. According to Greer, the driver and only occupant of the second automobile was
appellant. Austin police officer Steven Scharer investigated this accident. Scharer testified that appellant told him he was driving. Scharer also testified
that appellant's eyes were bloodshot and that he had about him a "fairly strong odor" of alcoholic beverage. 
In addition, appellant was unsteady on his feet and began to cry. Appellant failed several field sobriety
tests. Scharer arrested appellant for driving while intoxicated.

 Appellant contends the evidence does not support a finding that he was driving on February
7. Although he admitted to Scharer that he was driving, appellant urges that this extrajudicial confession
was not corroborated. Appellant asserts that Greer's testimony does not provide that corroboration
because Greer testified that his glasses were knocked off in the collision. Appellant hypothesizes that the
driver of the second car could have escaped in the time it took Greer to recover his glasses.

 There is no evidence regarding the quality of Greer's vision without his glasses. Moreover,
Greer's credibility and the weight to give his testimony was for the district court, as trier of fact, to
determine. The preponderance of the evidence adduced at the revocation hearing supports the finding that
appellant violated the conditions of supervision by committing the offense of driving while intoxicated, and
the district court did not abuse its discretion by revoking probation on that basis. See Ortega v. State, 860
S.W.2d 561, 564 (Tex. App.--Austin 1993, no pet.) (burden of proof; standard of appellate review). 

 Point of error one is overruled. Because a single violation of the supervisory conditions is
sufficient to sustain the revocation order, we do not address the remaining points of error. Moore v. State,
605 S.W.2d 924, 926 (Tex. Crim. App. 1980).

 The order revoking community supervision is affirmed.


Before Chief Justice Carroll, Justices Kidd and B. A. Smith

Affirmed

Filed: December 19, 1996