In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-03-413 CR


____________________



JOHNNY DEWAYNE LOFTIN, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 252nd District Court


Jefferson County, Texas


Trial Cause No. 85324






MEMORANDUM OPINION


 Johnny Dewayne Loftin, appellant, pleaded guilty to felony theft, a state jail felony
under section 31.03(e)(4) of the Texas Penal Code. See Tex. Pen. Code Ann. § 31.03(e)(4)
(Vernon Supp. 2004). He received a two year sentence and was assessed a fine of $750. The
trial court suspended imposition of the sentence and placed Loftin on community supervision
for five years. The State filed a Motion to Revoke Community Supervision, and, at the
hearing on that motion, Loftin pleaded "true" to two allegations of violations of his
community supervision order: (1) that he failed to report to the Jefferson County Community
Supervision Department as directed by the trial court and (2) that he was $735 in arrears on
assessed fees. The trial court found those two allegations to be "true" and sentenced Loftin
to eighteen months confinement in a state jail facility. 

 Loftin brings one issue on appeal. He maintains the trial court abused its discretion
in punishing him more severely than was necessary for the offense. Loftin argues that the
revocation of probation for the failure to pay fees is tantamount to imprisonment for debt in
violation of the United States and Texas constitutions. Appellant cites no authority
supporting this argument. He also contends that his failure to report to the Community
Supervision Department from February 10, 2003 until the May 14, 2003, filing of the
revocation motion is a "purely" administrative matter. According to Loftin, the punishment
does not fit the crime as he was not charged with other violations and thus must have been
obeying the remaining twenty four requirements for his probation. Loftin again cites no
authority supporting this argument. 

 We review an order revoking community supervision under an abuse of discretion
standard. Jackson v. State, 645 S.W.2d 303, 305 (Tex. Crim. App. 1983). Proof by a
preponderance of the evidence of any one of the alleged violations of the conditions of
community supervision is sufficient to support a revocation order. See id; Moore v. State,
605 S.W.2d 924, 926 (Tex. Crim. App. [Panel Op.] 1980). 

 Here, Loftin entered pleas of "true" to two violations and Loftin's sentence is within
the statutory range. See Tex. Pen. Code Ann. § 12.35 (Vernon 2003). The trial court did
not abuse its discretion.

 We affirm the judgment and sentence of the trial court.

 PER CURIAM

Submitted on April 15, 2004 

Opinion Delivered May 5, 2004

Do not publish 


Before McKeithen, C.J., Burgess, and Gaultney, JJ.