NO. 07-04-0319-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



JULY 22, 2004



______________________________




DONALD JAY PRUITT, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 316TH DISTRICT COURT OF HUTCHINSON COUNTY;



NO. 7575; HONORABLE JOHN LAGRONE, JUDGE



_______________________________



Before JOHNSON, C.J., and QUINN and REAVIS, JJ.

ON ABATEMENT AND REMAND


 Appellant Donald Jay Pruitt appeals from a conviction in the 316th District Court of
Hutchinson County, Texas (the trial court). The trial court clerk's record and court
reporter's record have been filed with the appellate clerk. 

 Appellant has filed motions and correspondence seeking (1) dismissal of his
appointed appellate counsel, and (2) leave to appear on appeal pro se. In the motion to
dismiss current appellate counsel, appellant expresses his desire to waive his Sixth
Amendment right to the assistance of counsel. 

 This appeal is abated and the cause is remanded to the trial court. Upon remand,
the judge of the trial court is directed to cause notice to be given of and to conduct a
hearing to determine whether appellant has made a knowing and voluntary decision to
waive his right to counsel and to represent himself on appeal. If the trial court determines
that appellant has made a knowing, voluntary decision to waive his right to counsel and to
represent himself on appeal, then the trial court should discharge appellate counsel from
any further obligations to appellant. If the trial court determines that appellant has not
made a knowing, voluntary decision to represent himself on appeal, then the trial court
should enter orders and make recommendations appropriate to continued prosecution of
appellant's appeal based on the evidence presented at the hearing, and on its findings and
conclusions therefrom. 

 The trial court is directed to: (1) conduct any necessary hearings; (2) make and file
appropriate findings of fact, conclusions of law and recommendations, and cause them to
be included in a supplemental clerk's record; (3) enter any orders appropriate, based on
its findings and conclusions; (4) cause the hearing proceedings to be transcribed and
included in a reporter's record; and (5) have a record of the proceedings made to the extent
any of the proceedings are not included in the supplemental clerk's record or the reporter's
record. In the absence of a request for extension of time from the trial court, the
supplemental clerk's record, reporter's record, and any additional proceeding records,
including any orders, findings, conclusions and recommendations, are to be sent so as to
be received by the clerk of this court not later than August 31, 2004. 

 The appellate clerk is directed to immediately furnish copies of the documents
previously filed by appellant acting pro se to the trial court, the State's attorney for the
316th District Court and to current appellate counsel for appellant. 

 

 Per Curiam

Do not publish.



rial court could
have revoked appellant's probation on the basis of the violation of that ground alone. 
Moore v. State, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980). Thus, our review revealed
no error in the trial court's decision to revoke appellant's community supervision.

 Accordingly, the motion to withdraw is granted, and the judgment is affirmed.


 Per Curiam


Do not publish.
1. Anders v. California, 386 U.S. 738, 744-745, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).