NO. 07-03-0498-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

APRIL 6, 2005
_____

ELIAS DANIEL MANCIAS,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 242ND DISTRICT COURT OF HALE COUNTY;

NO. A 13533-9909; HON. ED SELF, PRESIDING
_____

Before QUINN, REAVIS, and CAMPBELL, JJ.

Appellant Elias Daniel Mancias appeals from a judgment revoking his community supervision for the offense of forgery. We affirm.

On April 3, 2000, appellant entered a plea of guilty to the offense of forgery and, after accepting the guilty plea, the trial court deferred adjudication and sentenced appellant to three years community supervision. On October 27, 2000, the State filed a motion to adjudicate appellant guilty and to revoke his community supervision. Appellant pled true to four of the alleged probation violations. The trial court then adjudicated him guilty of forgery and sentenced him to incarceration for two years in a state jail facility and a fine of

$1,000. The confinement portion of the sentence was suspended, and appellant was placed on community supervision for five years. On August 26, 2003, the State filed another motion to revoke community supervision alleging three violations of the conditions of probation. The motion was heard on November 19, 2003, and appellant pled not true to the alleged violations. The trial court found that appellant violated two of the conditions of his probation, revoked his community supervision, and ordered him to serve two years in a state jail facility.

Appellant's appointed counsel has filed a motion to withdraw, together with an *Anders*[1] brief wherein he certified that, after diligently searching the record, he concluded that the appeal is without merit. Counsel has also attached a copy of a letter sent to appellant informing him of counsel's belief that there was no reversible error and of appellant's right to file a response or brief *pro se.* By letter dated February 24, 2004, this court also notified appellant of his right to tender his own brief or response and set March 24, 2004, as the deadline to do so. To date, appellant has filed neither a response, brief, or request for extension of time.

We have conducted our own review of the record to assess appellate counsel's conclusions and to uncover any error pursuant to *Stafford v. State,* 813 S.W.2d 503 (Tex. Crim. App. 1991). The trial court found that appellant violated his community supervision by committing a new criminal offense, *i.e.* indecency with a child, while on probation and failed to perform community service hours as required by the order placing him on probation. The child victim of the alleged offense of indecency with a child testified and

---

[1]*Anders v. California,* 386 U.S. 738, 744-745, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

described how appellant forced her to have sexual intercourse. The trial court could have believed her testimony and found that allegation true based solely on her testimony. *See Bottenfield v. State,* 77 S.W.3d 349, 356 (Tex. App.–Fort Worth 2002, pet. ref'd) (holding that a conviction for indecency or sexual assault may be affirmed absent any physical evidence and solely on the testimony of the victim). That being so, the trial court could have revoked appellant's probation on the basis of the violation of that ground alone. *Moore v. State,* 605 S.W.2d 924, 926 (Tex. Crim. App. 1980). Thus, our review revealed no error in the trial court's decision to revoke appellant's community supervision.

Accordingly, the motion to withdraw is granted, and the judgment is affirmed.


Per Curiam


Do not publish.