NO. 07-06-0260-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



OCTOBER 4, 2007


 ______________________________



WILLIAM CASSIDY WEAVERS, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE


_________________________________



FROM THE 47TH DISTRICT COURT OF RANDALL COUNTY;



NO. 16,317-A; HONORABLE HAL MINER, JUDGE


_______________________________




Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

MEMORANDUM OPINION


 Appellant, William Cassidy Weavers appeals from a judgment revoking community
supervision and imposing sentence pursuant to a conviction for driving while intoxicated. 
We affirm.

 Appellant pled guilty to the offense of driving while intoxicated, a third degree felony,
on September 8, 2004, and was sentenced to five years confinement in the Institutional
Division of the Texas Department of Criminal Justice and fined $1000; however, the trial
court probated the sentence and placed appellant on community supervision for five years. 
On April 26, 2006, the State filed a motion to revoke appellant's community supervision
alleging that appellant had committed four violations of his community supervision. After
a hearing on June 27, the trial court found two of the allegations true, revoked appellant's
community supervision, and ordered appellant to serve the five year sentence in the
Institutional Division of the Texas Department of Criminal Justice. 

 Appellant filed his notice of appeal contending that the trial court abused its
discretion in revoking appellant's community supervision because the evidence was
insufficient to support the trial court's determination. (1) 

 In the present case, the State alleged four violations of community supervision by
appellant: (1) commission of a new offense against state law; (2) failure to notify the
supervision officer of any arrest within forty-eight hours; (3) failure to perform community
service hours as required by the order placing appellant on community supervision; and
(4) operation of a motor vehicle without an ignition interlock device. The State abandoned
the first and fourth alleged violations and proceeded with the remaining two violations. At
the revocation hearing, appellant's community supervision officer testified that appellant's
file maintained by the community supervision office did not contain an entry showing that
appellant had reported the arrest to the office. Further, the officer testified that appellant
was delinquent in completing his community service hours and specifically responded that
appellant had not completed the required hours for the months of January, February, and
March of 2005. 

 It is the trial court's duty to judge the credibility of the witnesses and to determine
whether the allegations in the motion to revoke are true or not. Garrett v. State, 619
S.W.2d 172, 174 (Tex.Crim.App. [Panel Op.] 1981). A trial court's determinations during
revocation hearings are reviewed for an abuse of discretion. See Jackson v. State, 645
S.W.2d 303, 305 (Tex.Crim.App. 1983). At the revocation hearing, appellant cross-examined the community supervision officer as to the possibility that appellant did perform
the community service in a neighboring county, or that the records do not negate the
possibility that appellant reported the arrest to another officer. However, the cross-examination goes to the credibility of the evidence; it does not negate the community
supervision officer's testimony that appellant's community service file maintained by her
office failed to show that appellant reported the arrest, or that appellant was behind in the
performance of community service hours. We conclude that the trial court did not abuse
its discretion in making affirmative findings that the evidence was sufficient to prove by a
preponderance of the evidence that appellant had violated two conditions of his community
supervision. Since the trial court could have revoked appellant's community supervision
on either violation it found true, we conclude that the trial court did not abuse its discretion
in revoking appellant's community supervision. See Moore v. State, 605 S.W.2d 924, 926
(Tex.Crim.App. 1980). 



Conclusion

 For the foregoing reasons, we affirm the trial court's revocation of appellant's
community supervision. 


 Mackey K. Hancock

Justice








 

Do not publish. 

1. Although appellant further contends that the trial court considered hearsay
testimony during the revocation proceedings, no objection was made during the
proceedings. Therefore, such issue has not been properly preserved. Tex. R. App. P.
33.1(a).


eption Locked="false" Priority="67" SemiHidden="false"
 UnhideWhenUsed="false" Name="Medium Grid 1"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-11-00150-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL B

 



JUNE
27, 2011

 



 

ROBERT ANDREW BARNES, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

 FROM THE 20TH DISTRICT COURT OF MILAM
COUNTY;

 

NO. CR20,781; HONORABLE EDWARD P. MAGRE, JUDGE



 



 

Before QUINN,
C.J., and CAMPBELL and HANCOCK, JJ.

 

 

ABATEMENT AND REMAND

 

            On February 25, 2011, appellant,
Robert Andrew Barnes, filed a notice of appeal from a judgment adjudicating him
guilty of criminal non-support, sentencing him to eighteen months in a state
jail facility and a fine, and ordering restitution.  

            The
clerks record was filed on March 8, 2011 and the reporters record was filed
on April 28.  However, the clerks record
contains no certification of defendants right of appeal.  Texas Rule of Appellate Procedure 25.2(a)(2) requires that a trial court shall enter a certification
of defendants right of appeal each time it enters a
judgment of guilt or other appealable order. 
Tex. R. App. P. 25.2(a)(2). Under Rule 25.2,
the certification of defendant's right of appeal must be signed by the defendant and a
copy must be given to him. Tex. R. App. P. 25.2(d). 

            Accordingly, we abate the appeal and remand the cause to
the trial court.  On remand, the trial court
shall utilize whatever means it finds necessary to secure a certification of
defendants right of appeal that complies with Rule 25.2(d). Once properly executed,
the certification shall be included in a supplemental clerk's
record and filed with the Clerk of this Court.

This
order constitutes notice to all parties of the absence of a certification pursuant to Rule 37.1 of the Texas
Rules of Appellate Procedure. Tex. R. App. P. 37.1. If a certification that
shows appellant has the right of appeal is not made part of the record, the
appeal must be dismissed.  See Tex. R. App. P. 25.2(d).

On
remand,
the trial court is
directed to: (1) conduct any hearings it finds necessary; (2) make and file such
findings of fact, conclusions of law, recommendations or orders it finds
appropriate to address the subject of this remand order; (3) if it holds a
hearing, cause the hearing proceedings to be transcribed and included in a
supplemental reporter's record; (4) cause any findings, conclusions,
recommendations or orders it issues, together with the properly executed
certification of defendants right of appeal, to be included in a supplemental
clerks record; and (5) cause the supplemental reporters record, if any, and
the supplemental clerks record to be filed with the Clerk of this Court, no
later than August 8, 2011. 

It
is so ordered. 

Per
Curiam

Do not publish.