NO. 07-06-0260-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

OCTOBER 4, 2007
_____

WILLIAM CASSIDY WEAVERS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 47TH DISTRICT COURT OF RANDALL COUNTY;

NO. 16,317-A; HONORABLE HAL MINER, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

_____**MEMORANDUM OPINION**


Appellant, William Cassidy Weavers appeals from a judgment revoking community supervision and imposing sentence pursuant to a conviction for driving while intoxicated. We affirm.

Appellant pled guilty to the offense of driving while intoxicated, a third degree felony, on September 8, 2004, and was sentenced to five years confinement in the Institutional Division of the Texas Department of Criminal Justice and fined $1000; however, the trial court probated the sentence and placed appellant on community supervision for five years.

On April 26, 2006, the State filed a motion to revoke appellant's community supervision alleging that appellant had committed four violations of his community supervision. After a hearing on June 27, the trial court found two of the allegations true, revoked appellant's community supervision, and ordered appellant to serve the five year sentence in the Institutional Division of the Texas Department of Criminal Justice.

Appellant filed his notice of appeal contending that the trial court abused its discretion in revoking appellant's community supervision because the evidence was insufficient to support the trial court's determination.[1]

In the present case, the State alleged four violations of community supervision by appellant: (1) commission of a new offense against state law; (2) failure to notify the supervision officer of any arrest within forty-eight hours; (3) failure to perform community service hours as required by the order placing appellant on community supervision; and (4) operation of a motor vehicle without an ignition interlock device. The State abandoned the first and fourth alleged violations and proceeded with the remaining two violations. At the revocation hearing, appellant's community supervision officer testified that appellant's file maintained by the community supervision office did not contain an entry showing that appellant had reported the arrest to the office. Further, the officer testified that appellant was delinquent in completing his community service hours and specifically responded that

---

[1]Although appellant further contends that the trial court considered hearsay testimony during the revocation proceedings, no objection was made during the proceedings. Therefore, such issue has not been properly preserved. TEX. R. APP. P. 33.1(a).

appellant had not completed the required hours for the months of January, February, and March of 2005.

It is the trial court's duty to judge the credibility of the witnesses and to determine whether the allegations in the motion to revoke are true or not. Garrett v. State, 619 S.W.2d 172, 174 (Tex.Crim.App. [Panel Op.] 1981). A trial court's determinations during revocation hearings are reviewed for an abuse of discretion. See Jackson v. State, 645 S.W.2d 303, 305 (Tex.Crim.App. 1983). At the revocation hearing, appellant cross-examined the community supervision officer as to the possibility that appellant did perform the community service in a neighboring county, or that the records do not negate the possibility that appellant reported the arrest to another officer. However, the cross-examination goes to the credibility of the evidence; it does not negate the community supervision officer's testimony that appellant's community service file maintained by her office failed to show that appellant reported the arrest, or that appellant was behind in the performance of community service hours. We conclude that the trial court did not abuse its discretion in making affirmative findings that the evidence was sufficient to prove by a preponderance of the evidence that appellant had violated two conditions of his community supervision. Since the trial court could have revoked appellant's community supervision on either violation it found true, we conclude that the trial court did not abuse its discretion in revoking appellant's community supervision. See Moore v. State, 605 S.W.2d 924, 926 (Tex.Crim.App. 1980).

Conclusion

For the foregoing reasons, we affirm the trial court's revocation of appellant's community supervision.

Mackey K. Hancock
Justice

Do not publish.