COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-06-456-CR

NO. 2-06-457-CR

LISA KAYE FOLEY APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 158TH DISTRICT COURT OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

In July 2004, the trial court adjudicated Appellant Lisa Kaye Foley guilty of possession of a controlled substance, namely, cocaine of less than one gram, and sentenced her to two years’ confinement and an $800 fine, probating the sentence for three years.  In the same month, pursuant to a plea bargain, the trial court convicted Appellant of burglary of a habitation and sentenced her to five years’ confinement and a $1,000 fine, probating the sentence for five years.  In May 2006, the State filed a motion to revoke community supervision in each case, alleging numerous violations of the terms of community supervision.  After a hearing, the trial court revoked Appellant’s community supervision and sentenced her to three years’ confinement on the burglary conviction and two years’ confinement on the drug possession conviction, assessing no fine in either instance.

In one point, Appellant contends that the trial court abused its discretion by revoking her community supervision.  Included among Appellant’s conditions of community supervision were the following:

(a) Commit no offense against the laws of this State . . . ;

(b) Avoid the use of illegal narcotics, barbiturates, or controlled substances;

. . . 

(s) Defendant is to complete 250 [200 in the drug possession case] hours of Community Service Restitution . . . .

In its motions to revoke, the State included allegations that Appellant had violated these and many other conditions.  Appellant admitted in her testimony that she “went to people’s places that were using and it tempted [her] to use,”  that she used cocaine a couple of times a week from February to May of 2006 while on community supervision, and that she did not do any community service.  She testified that there was no excuse for her drug use and that she “just didn’t go” to community service.

Proof of a violation of a single condition of community supervision is sufficient to support revocation.
(footnote: 2)  Accordingly, the trial court did not abuse its discretion by revoking Appellant’s community supervision.  We also point out that the trial court modified downward the sentences Appellant would serve in each case, shortening her confinement by two years in the burglary case and eliminating the fines in both cases, and that both sentences are well within the range of punishment for the offenses.
(footnote: 3)  This downward modification indicates to us that the trial court fairly considered the reasons for Appellant’s numerous violations of the community supervision conditions.  We therefore overrule Appellant’s sole point and affirm the trial court’s judgments.

PER CURIAM

PANEL F: DAUPHINOT, GARDNER, and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  November 1, 2007

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.

2:
Moore v. State
, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980).

3:
See
 
Tex. Health & Safety Code Ann.
 § 481.102(3)(D) (Vernon Supp. 2007), § 481.115(b) (Vernon 2003) (providing respectively that cocaine is a penalty group I controlled substance and that possession of less than a gram of a penalty group I controlled substance is a state jail felony); 
Tex. Penal Code Ann.
 §§ 30.02(c)(2) (providing that burglary of a habitation is a second degree felony),
 12.33 (providing that range of punishment for second degree felony is two to twenty years’ confinement and up to $10,000 fine) (Vernon 2003), § 12.35 (Vernon Supp. 2007) (providing range of punishment for state jail felony is 180 days to two years’ confinement and up to $10,000 fine).