COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                 FORT
WORTH

 

 

                                        NO.
2-06-456-CR

                                        NO.
2-06-457-CR

 

 

LISA KAYE FOLEY                                                               APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

            FROM
THE 158TH DISTRICT COURT OF DENTON COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------








In July 2004, the trial court
adjudicated Appellant Lisa Kaye Foley guilty of possession of a controlled
substance, namely, cocaine of less than one gram, and sentenced her to two
years= confinement and an $800 fine, probating the sentence for three
years.  In the same month, pursuant to a
plea bargain, the trial court convicted Appellant of burglary of a habitation
and sentenced her to five years= confinement and a $1,000 fine, probating the sentence for five
years.  In May 2006, the State filed a
motion to revoke community supervision in each case, alleging numerous
violations of the terms of community supervision.  After a hearing, the trial court revoked
Appellant=s community
supervision and sentenced her to three years= confinement on the burglary conviction and two years= confinement on the drug possession conviction, assessing no fine in
either instance.

In one point, Appellant
contends that the trial court abused its discretion by revoking her community
supervision.  Included among Appellant=s conditions of community supervision were the following:

(a)     Commit no offense against the laws of this State . . . ;

 

(b)    Avoid the use of illegal narcotics, barbiturates, or controlled
substances;

 

. . .


 

(s)     Defendant is to complete 250 [200 in the drug possession case]
hours of Community Service Restitution . . . .

 








In its motions to revoke, the State included
allegations that Appellant had violated these and many other conditions.  Appellant admitted in her testimony that she Awent to people=s places
that were using and it tempted [her] to use,@  that she used cocaine a couple
of times a week from February to May of 2006 while on community supervision,
and that she did not do any community service. 
She testified that there was no excuse for her drug use and that she Ajust didn=t go@ to community service.

Proof of a violation of a
single condition of community supervision is sufficient to support revocation.[2]  Accordingly, the trial court did not abuse
its discretion by revoking Appellant=s community supervision.  We
also point out that the trial court modified downward the sentences Appellant
would serve in each case, shortening her confinement by two years in the
burglary case and eliminating the fines in both cases, and that both sentences
are well within the range of punishment for the offenses.[3]  This downward modification indicates to us
that the trial court fairly considered the reasons for Appellant=s numerous violations of the community supervision conditions.  We therefore overrule Appellant=s sole point and affirm the trial court=s judgments.

 








PER CURIAM

PANEL F:    DAUPHINOT, GARDNER,
and WALKER, JJ.

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

DELIVERED: 
November 1, 2007











[1]See Tex. R. App. P. 47.4.





[2]Moore
v. State, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980).





[3]See Tex. Health & Safety Code Ann. '
481.102(3)(D) (Vernon Supp. 2007), ' 481.115(b) (Vernon 2003)
(providing respectively that cocaine is a penalty group I controlled substance
and that possession of less than a gram of a penalty group I controlled
substance is a state jail felony); Tex.
Penal Code Ann. ''
30.02(c)(2) (providing that burglary of a habitation is a second degree
felony), 12.33 (providing that range of punishment for second degree felony is
two to twenty years=
confinement and up to $10,000 fine) (Vernon 2003), '
12.35 (Vernon Supp. 2007) (providing range of punishment for state jail felony
is 180 days to two years=
confinement and up to $10,000 fine).