**Opinion filed July 2, 2009**



In The

# Eleventh Court of Appeals

_____

## Nos. 11-08-00222-CR & 11-08-00223-CR

_____

## CODY ALLEN COUCH, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 91st District Court**

**Eastland County, Texas**

**Trial Court Cause Nos. 21355 & 21358**

## M E M O R A N D U M   O P I N I O N

Cody Allen Couch appeals from the revocation of his community supervision that he received in two cases: one for the offense of possession of a controlled substance[1] and one for the offense of tampering with physical evidence.[2] We affirm.

The State sought to revoke Couch's community supervision based upon his presence in a motel room in Stephens County in possession of drug paraphernalia with Angela Jemae Hinson, a person of disreputable character, in violation of the conditions of his community supervision. One condition of Couch's community supervision was that he not leave Palo Pinto County without

[1]11-08-00222-CR.

[2]11-08-00223-CR.

written permission. He did not have permission from his community supervision officer to go to Stephens County. Finding the allegations contained in the State's motion to revoke to be true, the trial court revoked Couch's community supervision.

Couch urges in three issues that (1) the trial court abused its discretion in revoking his community supervision on the ground that he possessed drug paraphernalia because the evidence that he did so was legally and factually insufficient; (2) the trial court abused its discretion in revoking his community supervision on the ground that he associated with persons of disreputable and harmful character because the evidence that he did so after he was placed on probation was legally and factually insufficient; and (3) the condition of his probation that he avoid any person of disreputable and harmful character, including, but not limited to, Angela Jemae Hinson, his fiancée and, according to Couch, the mother of his child, amounted to an unconstitutional restriction on his freedom of association.

A trial court's order revoking community supervision should be affirmed if appellant does not challenge all of the grounds on which the court revoked community supervision. *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980). One ground upon which the trial court's revocation was based is that Couch was in Stephens County without written permission from the community supervision department. Couch presents no issue challenging this ground on which the trial court in part based its revocation. Although Couch makes a broad general statement in his brief that the evidence is insufficient to show, by a preponderance of the evidence, that he committed any of the violations alleged by the State, his assertion has no merit as to this ground in that the undisputed evidence shows that, after he was placed on community supervision, he was in Stephens County without written permission from the community supervision department. We need not address the other issues presented by Couch because one sufficient ground will support the trial court's order to revoke community supervision. *Id.* Accordingly, we overrule Couch's three issues on appeal.

The judgments of the trial court are affirmed.

PER CURIAM

July 2, 2009

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Hill, J.[3]

---

[3]John G. Hill, Former Justice, Court of Appeals, 2nd District of Texas at Fort Worth, sitting by assignment.