Opinion filed July 2, 2009












 
 
  
 
 







 
 
  
 
 




Opinion filed July 2, 2009

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                   __________

 

                                       Nos. 11-08-00222-CR & 11-08-00223-CR

                                                       ________

 

                                   CODY
ALLEN COUCH, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS, Appellee

 



 

                                          On
Appeal from the 91st District Court

 

                                                        Eastland
County, Texas

 

                                          Trial
Court Cause Nos. 21355 & 21358

 



 

                                             M
E M O R A N D U M   O P I N I O N

Cody Allen Couch appeals from the revocation of
his community supervision that he received in two cases:  one for the offense of possession of a
controlled substance[1]
and one for the offense of tampering with physical evidence.[2]  We affirm.








The State sought to revoke Couch=s community supervision based upon his
presence in a motel room in Stephens County in possession of drug paraphernalia
with Angela Jemae Hinson, a person of disreputable character, in violation of
the conditions of his community supervision. 
One condition of Couch=s
community supervision was that he not leave Palo Pinto County without written
permission.  He did not have permission
from his community supervision officer to go to Stephens County.  Finding the allegations contained in the
State=s motion
to revoke to be true, the trial court revoked Couch=s
community supervision.  

Couch urges in three issues that (1) the trial
court abused its discretion in revoking his community supervision on the ground
that he possessed drug paraphernalia because the evidence that he did so was
legally and factually insufficient; (2) the trial court abused its discretion
in revoking his community supervision on the ground that he associated with
persons of disreputable and harmful character because the evidence that he did
so after he was placed on probation was legally and factually insufficient; and
(3) the condition of his probation that he avoid any person of disreputable and
harmful character, including, but not limited to, Angela Jemae Hinson, his
fiancée and, according to Couch, the mother of his child, amounted to an
unconstitutional restriction on his freedom of association.

A trial court=s
order revoking community supervision should be affirmed if appellant does not
challenge all of the grounds on which the court revoked community
supervision.  Moore v. State, 605
S.W.2d 924, 926 (Tex. Crim. App. 1980). 
One ground upon which the trial court=s
revocation was based is that Couch was in Stephens County without written
permission from the community supervision department.  Couch presents no issue challenging this
ground on which the trial court in part based its revocation.  Although Couch makes a broad general
statement in his brief that the evidence is insufficient to show, by a
preponderance of the evidence, that he committed any of the violations alleged
by the State, his assertion has no merit as to this ground in that the
undisputed evidence shows that, after he was placed on community supervision,
he was in Stephens County without written permission from the community
supervision department.  We need not
address the other issues presented by Couch because one sufficient ground will
support the trial court=s
order to revoke community supervision.  Id.  Accordingly, we overrule Couch=s three issues on appeal.  

The judgments of the trial court are affirmed.

 

PER CURIAM

July 2, 2009

Do not publish.  See
Tex. R. App. P. 47.2(b).

Panel
consists of:  Wright, C.J., 

McCall,
J., and Hill, J.[3]











[1]11-08-00222-CR.





[2]11-08-00223-CR.





[3]John G. Hill, Former Justice, Court of Appeals, 2nd
District of Texas at Fort Worth, sitting by assignment.