NO. 07-09-0164-CR

 

IN THE COURT OF APPEALS

 

FOR THE SEVENTH DISTRICT OF TEXAS

 

AT AMARILLO

 

PANEL D

 



APRIL 27, 2010

 



 

TIMOTHY MICHAEL KNOOP, 

 

                                                                                         Appellant


v.

 

THE STATE OF TEXAS,

 


                                                                                         Appellee

_____________________________

 

FROM THE 31ST DISTRICT COURT OF HEMPHILL COUNTY;

 

NO. 2731; HONORABLE STEVEN RAY EMMERT, PRESIDING

 



 

Anders Opinion

 



 

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

            Timothy Michael Knoop was convicted
on June 11, 2008, of assaulting a public servant after his plea of guilty and,
pursuant to a plea bargain, sentenced to confinement for seven years and a fine
of $3,000, probated for seven years. 
Thereafter, on November 6, 2008, the State filed a motion to revoke
appellant’s probation and alleged that he committed numerous violations of the
terms of his probation.  An amended
motion to revoke was filed on March 9, 2009. 
After a hearing, the trial court revoked appellant’s probation and
sentenced him to seven years confinement. 


            Appellant’s appointed counsel has
filed a motion to withdraw, together with an Anders[1] brief, wherein he certifies that,
after diligently reviewing the record, he has concluded that appellant’s appeal
is without merit.  Along with his brief,
he has filed a copy of a letter sent to appellant informing him of counsel’s
belief that there was no reversible error and of appellant’s right to appeal pro
se.  By letter dated March 11, 2010,
this court notified appellant of his right to file his own brief or response by
April 9, 2010, if he wished to do so. 
Appellant filed his response on March 18, 2010.

            In
compliance with the principles enunciated in Anders, appellate counsel
discussed several potential areas for appeal. 
They involve 1) the entry of two nunc
pro tunc judgments without notice to appellant or
opportunity to be heard, 2) the sufficiency of the evidence to show that he
violated the condition of his probation that he maintain steady employment, 3)
the sufficiency of the evidence to show that he is able to pay court costs,
fines, and probation fees, 4) the trial court’s overruling of appellant’s
motion for the discovery of an alleged video of his original offense, and 5) the
trial counsel’s failure to cross-examine two of the State’s witnesses.  However, counsel has explained why each
argument lacks merit.  

            Appellant
himself also raised several issues attempting to rebut the evidence admitted at
the hearing, challenging the trial court’s alleged modification of the
conditions of his probation and imposition of a requirement for payment of
court costs without notice to him, and challenging the sufficiency of the
evidence to show his ability to pay fees imposed upon him.       

            We
also have conducted our own review of the record to assess the accuracy of
appellate counsel’s conclusions and the issues of appellant and to uncover any
reversible error pursuant to Stafford v. State, 813 S.W.2d 503 (Tex.
Crim. App. 1991).  We did so knowing that
the violation of any one condition is sufficient to support the revocation of
probation.  Moore v.
State, 605 S.W.2d. 924, 926 (Tex. Crim. App. 1980).  And, if we were to exclude those complaints
pertaining to the trial court’s entry of nunc pro tunc judgments (in order to conform
the judgment to the trial court’s oral pronouncements made at time of
sentencing) and appellant’s ability to pay his fines and fees, we nonetheless
conclude that the evidence establishes the violation of other conditions of his
probation.  Thus, the trial court did not
err in revoking probation.  Simply put, our
own review of the record confirms appellate counsel’s representation that the
appeal is meritless.[2]

            Accordingly, appellant’s appeal is
dismissed.[3]

 

                                                                                    Brian
Quinn 

                                                                                    Chief
Justice

 

Do not
publish. 

 











                [1]See Anders v. California, 386 U.S. 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).





                [2]Our
disposition of this matter precludes the necessity for us to rule upon the
State’s motion for an extension of time to file a brief.  





[3]Appellant
has the right to file a pro se petition for discretionary review from
this opinion.