**Affirmed and Memorandum Opinion filed June 6, 2013.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-12-00651-CR

---

### ANTONIO MENDOZA, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

### On Appeal from the 122nd District Court
### Galveston County, Texas
### Trial Court Cause No. 04-CR-1155

---

## M E M O R A N D U M    O P I N I O N

Appellant entered a guilty plea to the offense of aggravated sexual assault of a child. The trial court placed him on deferred adjudication community supervision for ten (10) years. Subsequently, the State moved to adjudicate guilt, alleging appellant had violated certain conditions of his community supervision. Following a hearing, the trial court found five of the allegations true. The trial court adjudicated appellant guilty of the offense and on June 15, 2012, sentenced appellant to confinement for five years in the Institutional Division of the Texas

Department of Criminal Justice. Appellant filed a notice of appeal.

One of the allegations the trial court found true was that appellant failed to perform his court-ordered community service. In his third issue, appellant claims that it was an abuse of the trial court's discretion to revoke his community supervision on this ground because "the trial court failed to consider his substantial past efforts to fulfill his obligation and the fact that there was no evidence of his willful refusal to perform community service." However, appellant concedes he did not satisfy this requirement of his community supervision.[1]

A single violation of a probation condition is sufficient to support the trial court's decision to revoke probation. *Moore v. State,* 605 S.W.2d 924, 926 (Tex. Crim. App. 1980). To revoke probation, the State need prove the violation by only a preponderance of the evidence. *Hacker v. State*, 389 S.W.3d 860, 864-65 (Tex. Crim. App. 2013). The record contains evidence sufficient to create a reasonable belief appellant violated a condition of his community supervision. *Rodriguez v. State*, 2 S.W.3d 744, 746 (Tex. App.—Houston [14th Dist.] 1999, no pet.). Accordingly, we hold the trial court did not abuse its discretion. Appellant's third issue is overruled.

We need not address appellant's other contentions because one sufficient ground for revocation will support the trial court's judgment. The judgment of the trial court is affirmed.

PER CURIAM

Panel consists of Justices Boyce, Jamison, and Busby.
Do Not Publish — Tex. R. App. P. 47.2(b).

---

[1] Appellant makes no argument it was impossible for him to perform the court-ordered community service.