**Opinion filed December 17, 2015**



In The

# Eleventh Court of Appeals

_____

## No. 11-14-00054-CR

_____

## LEKURT KWAME FISHER, Appellant

## V.

## THE STATE OF TEXAS, Appellee

On Appeal from the 35th District Court

Brown County, Texas

Trial Court Cause No. CR21918

## M E M O R A N D U M   O P I N I O N

The State charged Lekurt Kwame Fisher with the second-degree felony offense of sexual assault of a child. In accordance with a plea agreement, the trial court deferred the adjudication of Appellant's guilt and placed him on community supervision for ten years. Less than four months later, the State filed a motion to revoke Appellant's community supervision and to adjudicate his guilt. The trial

court granted the motion and assessed Appellant's punishment at confinement for eighteen years and sentenced him accordingly. We affirm.

In its motion, the State alleged that Appellant (1) stole property from another; (2) possessed stolen property; (3) made a terroristic threat; (4) engaged in an aggravated assault with a deadly weapon; (5) assaulted another with injury by strangulation; (6) failed to pay court costs, fees, and fines; (6) failed to complete community service restitution as ordered; and (7) accessed the internet without prior approval. The trial court found some, but not all, of the allegations to be true.

At the hearing on the State's motion to adjudicate, Appellant's former girlfriend, Kimberly Koepp, testified. During Appellant and Koepp's rocky relationship, Appellant sent threatening text messages to Koepp, and he also physically assaulted her. Koepp testified that Appellant showed up at her home one evening. She went outside to talk with him, and he grabbed her by the hair, put a knife to her throat, and held her against the wall of her house. Koepp believed that she would not survive the assault. Additionally, Koepp testified that Appellant had threatened her multiple times through text messages and by other means.

In Appellant's first issue, he argues that the trial court erred when it permitted testimony that concerned the "general tenor" of the text messages between Appellant and Koepp. In Appellant's second issue, he argues that, for two reasons, the trial court improperly admitted a text message between Appellant and Koepp where Appellant wrote, "Better make sure u lock all doors cuz im gonna come in and slit throats one by one from oldest to youngest." Both of these issues relate only to whether Appellant made a terroristic threat. The trial court found several other of the State's grounds to be true: (1) receiving/concealing stolen goods; (2) aggravated assault with a deadly weapon; (3) assault with injury by strangulation; and (4) failure to complete community service restitution. Appellant does not challenge any of those grounds. An appellant "must challenge all independent bases or grounds that

2

fully support a judgment or appealable order." *State v. Hoskins*, No. 05-13-00416-CR, 2014 WL 4090129, at \*2 (Tex. App.—Dallas Aug. 19, 2014, no pet.)(not designated for publication).  Because Appellant did not challenge any of the other allegations that the trial court found to be true, there is no reversible error presented. *Moore v. State*, 605 S.W.2d 924, 925–26 (Tex. Crim. App. [Panel Op.] 1980).  We overrule Appellant's first and second issues on appeal.

We affirm the judgment of the trial court.


JIM R. WRIGHT

CHIEF JUSTICE


December 17, 2015

Do not publish.  *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.

3