

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-19-00485-CR

_____

ELMI MURSAL ELMI, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from Criminal District Court No. 2
Tarrant County, Texas
Trial Court No. 1540458D

---

Before Gabriel and Kerr, JJ.; Lee Ann Dauphinot (Senior Justice, Retired, Sitting by
Assignment)
Memorandum Opinion by Justice Dauphinot

**MEMORANDUM OPINION**

In 2018, appellant Elmi Mursal Elmi pled guilty to the state jail felony offense of unlawfully carrying a weapon in a weapon-free school zone.[1] Pursuant to a plea agreement, the trial court deferred a finding of guilt and placed him on community supervision for four years. As conditions of his community supervision, Elmi was ordered to report monthly, pay fees, and to perform 120 hours of community service. Appellant's community supervision was transferred from Tarrant County to Potter County.

Approximately a year and a half later, the State filed an amended motion to revoke Appellant's community supervision and to adjudicate his guilt, alleging that he had failed to report and to complete the required hours of community service restitution. At the conclusion of the hearing, the trial court found the allegations true, adjudicated Appellant guilty of the offense charged, and revoked his community supervision. The trial court assessed his punishment at 18 months' confinement in state jail.

Appellant brings a single issue on appeal, arguing that the trial court reversibly erred in allowing hearsay testimony in violation of Texas Rules of Evidence 602.[2]

---

[1]Tex. Penal Code Ann. § 46.11.

[2]Tex. R. Evid. 602 (providing that "[a] witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Evidence to prove personal knowledge may consist of the witness's own testimony. . . .").

The conditions of Appellant's community supervision contained the following provision: "If supervision is transferred to another jurisdiction, continue to report to Tarrant County in the manner prescribed by the supervision officer, and comply with the rules and regulations of the receiving jurisdiction." A Tarrant County community supervision officer testified that she met with Appellant the day the trial court placed him on community supervision; she explained to him that his community supervision would be transferred to Potter County, that "he would complete all his probation at Potter County, but he would report by mail to Tarrant County each and every month[,] and [that] he would pay all his fees to Tarrant County." She testified Appellant had failed to report as directed from July through December 2018, and from January through October 2019. But when the prosecutor asked her, "Was it your understanding that he had not turned in proof of completing th[e] community service restitution" that was supposed to be performed in Potter County, Appellant objected that the question called for hearsay and speculation. The trial court overruled his objection, and the supervision officer answered yes.

Appellant testified on his own behalf. He admitted that he failed to report by mail to Tarrant County, but he claimed that he had reported in person to Potter County and that Potter County had "told [him] that it was okay." On cross-examination, he explained that he must have misunderstood the explanation of the reporting requirements.

On appeal, Appellant contends that the trial court should have sustained his objection to the supervision officer's testimony about whether he had turned in sufficient proof of community service because her testimony was not based upon personal knowledge. Appellant's issue relates solely to the community service ground of the State's amended petition to adjudicate guilt; he does not make any argument that the hearsay ruling affected the trial court's judgment as to the first revocation ground. Because one sufficient ground for adjudicating guilt and revoking community supervision will support a judgment adjudicating guilt and revoking community supervision,[3] and because Appellant admitted that he failed to report by mail to Tarrant County, we overrule Appellant's sole issue on appeal and affirm the trial court's judgment.

/s/ Lee Ann Dauphinot
Lee Ann Dauphinot
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: December 10, 2020

---

[3]*Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. [Panel Op.] 1980); *see, e.g., John v. State*, No. 02-17-00372-CR, 2018 WL 3468490, at *1–2 (Tex. App.—Fort Worth July 19, 2018, no pet.) (mem. op., not designated for publication) (declining to address single appellate complaint that could have affected only two of three revocation allegations).