# Court of Appeals
## Tenth Appellate District of Texas

10-25-00213-CR

John Martin Charles Bailey,
Appellant

v.

The State of Texas,
Appellee

On appeal from the
413th District Court of Johnson County, Texas
Judge William C. Bosworth Jr., presiding
Trial Court Cause No. DC-F201700379

JUSTICE SMITH delivered the opinion of the Court.

## MEMORANDUM OPINION

John Martin Charles Bailey pled guilty to assault family violence with a prior conviction. *See* TEX. PENAL CODE ANN. § 22.01(b)(2)(A). Pursuant to a plea agreement, his ten-year prison sentence was suspended and he was placed on community supervision for ten years. After a hearing on the State's motion to revoke, the trial court revoked his community supervision and sentenced him to ten years in prison. In his sole issue on appeal, Bailey contends that

the trial court's *sua sponte* admonishments to a witness at the hearing violated his Due Process rights. He asks that we vacate the judgment and remand to the trial court for a new hearing. We affirm.

DISCUSSION

The State's motion to revoke Bailey's community supervision contained seven alleged violations. At the revocation hearing, Bailey pled "true" to five of the alleged violations, including failure to pay certain fees, fines, and costs, and failure to complete community service. He pled "not true" to committing a new assaultive offense and to unsuccessful discharge from his anger management class. The trial court found "true" each allegation to which Bailey pled "true," as well as the new offense allegation.

Bailey's Due Process complaint stems from the trial court deciding to admonish the assault complainant during her testimony (and to appoint an attorney to represent her) because of potential conflicts between her prior statements to law enforcement and her testimony at the hearing. He argues that he was harmed because the complainant changed her testimony after the admonishments.

Bailey's constitutional appellate complaint addresses only one of the violations upon which the trial court's revocation order is based. A single violation may uphold the trial court's revocation ruling so long as it is

unquestionably free of the alleged constitutional infirmity. *Dansby v. State*, 398 S.W.3d 233, 240-41 (Tex. Crim. App. 2013). Bailey's pleas of "true" to the five allegations that are independent from the testimony allegedly affected by the trial court's admonishments are sufficient to support the trial court's revocation of his community supervision. *See Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. [Panel Op.] 1980). Further, regarding any alleged impact on Bailey's punishment, when community supervision is revoked, a trial court may proceed to dispose of the case as if there had been no community supervision. TEX. CODE CRIM. PROC. ANN. art. 42A.755(a)(1). Stated differently, the trial court may impose the sentence originally assessed. Here, the trial court imposed Bailey's original ten-year sentence.

Accordingly, we overrule Bailey's sole issue on appeal and affirm the judgment of the trial court.

STEVE SMITH
Justice

OPINION DELIVERED and FILED: June 25, 2026

Before Chief Justice Johnson,
    Justice Smith, and
    Justice Harris
Affirmed
Do not publish
CR25

