

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 2-07-290-CR

JERIMIAH DAVID CHAVANA                                              APPELLANT

V.

THE STATE OF TEXAS                                                        STATE

------------

FROM THE 371ST DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

### I. INTRODUCTION

Appellant Jerimiah David Chavana appeals following the adjudication of his guilt for burglary of a building. In a single point, Chavana argues that the trial court abused its discretion by adjudicating him guilty of the offense of burglary of a building because the evidence was insufficient to support the

---

[1] *See* TEX. R. APP. P. 47.4.

allegations contained in the State's motion to proceed to adjudication. We will affirm.

## II. PROCEDURAL BACKGROUND

Chavana pleaded guilty to the offense of burglary of a building on February 27, 2007, and the trial court placed him on deferred adjudication community supervision for a period of four years. In accordance with the conditions of his community supervision, Chavana was required, among other things, to "[c]ommit no offense against the laws of this State . . . ."; to "[a]void injurious or vicious habits and abstain from the illegal use of controlled substances, marijuana, cannabinoids, or the excessive consumption of any alcoholic beverage"; to "[s]ubmit to an assessment for substance abuse"; to "successfully complete treatment"; and to "[s]ubmit non-diluted urine for testing for controlled substances and cannabinoids at the direction of the supervision officer . . . ." Chavana was required to report no less than monthly to his supervision officer.

In June 2007, police arrested Chavana for the offense of murder. The State thereafter moved to adjudicate Chavana's guilt on the burglary of a building offense, alleging that Chavana had violated the terms and conditions of his deferred adjudication community supervision by (1) committing a new offense, namely murder; (2) using a controlled substance, namely marijuana; (3)

2

failing to submit to an assessment for substance abuse on or about April 30, 2007; (4) failing to submit urine samples on May 23, 2007 and June 1, 2007; and (5) knowingly possessing a firearm away from his residence.

At the hearing on the State's motion to proceed to adjudication, the State moved forward on only violations two, three, and four. After hearing testimony from Chavana's probation officer and reviewing the evidence admitted during the hearing on the State's motion to proceed to adjudication, the trial court stated as follows:

> Mr. Chavana, the Court having received your pleas of not true to Paragraphs Two, Three, and 4A as to Paragraph Two, will find the allegation to be true, specifically noting that State's Exhibit No. 7 contains a provision that the marijuana use was while on probation. Finds Paragraph Two to be true. Paragraph Three, the Court will note that State's Exhibit No. 3 specifically states that Defendant did not show up for his assessment and it was not merely rescheduled. Find Paragraph Three to be true. As to Paragraph Four, the Court will find Subparagraph 4A to be true.

The trial court adjudicated Chavana's guilt and sentenced him to nine months' confinement. This appeal followed.

### III. ADJUDICATION OF GUILT SUPPORTED BY RECORD

In his sole point, Chavana contends that the trial court abused its discretion by adjudicating him guilty of the offense of burglary of a building. Specifically, Chavana argues that there was insufficient evidence to support the allegations contained in the State's motion to proceed to adjudication.

3

Appellate review of the decision to adjudicate guilt is "in the same manner" as review of the revocation of community supervision. TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5(b) (Vernon Supp. 2007).[2] Appellate review of a community supervision revocation is limited to determining whether the trial court abused its discretion, and we examine the evidence in the light most favorable to the trial court's findings.[3] *See Cardona v. State*, 665 S.W.2d 492, 493–94 (Tex. Crim. App. 1984). The State must prove by a preponderance of the evidence that appellant violated the conditions of his probation. *Cobb v. State*, 851 S.W.2d 871, 874 (Tex. Crim. App. 1993). The trial judge is the sole trier of facts and determines the credibility of the witnesses and the weight to be given to the testimony in a revocation proceeding. *See Lee v. State*, 952 S.W.2d 894, 897 (Tex. App.—Dallas 1997, no pet.).

---

[2] Effective June 15, 2007, the legislature amended article 42.12, section 5(b) of the code of criminal procedure to omit the provision that no appeal may be taken from a trial court's determination of adjudicating guilt and to provide that an appellate court *can* review a trial court's revocation of deferred adjudication in the same manner as it reviews revocations in which the trial court had not deferred an adjudication of guilt. *See* Act of May 28, 2007, 80th Leg., R.S., ch. 1308, § 5, 2007 Tex. Gen. Laws 4395, 4397 (codified at TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5(b) (Vernon Supp. 2007)).

[3] Because the decision to adjudicate guilt is reviewed in the same manner as the revocation of regular probation, we utilize the same case law in conducting our review. *Wood v. State*, No. 05-07-00830-CR, 2008 WL 921497, at *1 n.2 (Tex. App.—Dallas Apr. 7, 2008, no pet.) (not designated for publication).

In its motion to proceed with adjudication, the State alleged, among other things, that Chavana violated the terms of his deferred adjudication community supervision by illegally using marijuana on or about April 9, 2007. During the hearing on the motion, the State admitted into evidence a "Use of Illegal Controlled Substance Statement" that states as follows:

> I, <u>Jerimiah Chavana</u>, ACKNOWLEDGE THAT I AM THE PERSON ORDERED TO BE SUPERVISED BY THE COMMUNITY SUPERVISION & CORRECTIONS DEPARTMENT.
>
> _____
> – STEP ONE –
>
> A. <u>ADMISSION OF USE OF AN ILLEGAL CONTROLLED SUBSTANCE</u>
>
> I voluntarily admit that since being ordered to report to community supervision (if this is my first report) and/or since the last time I reported to my supervision officer, I used the following illegal controlled substance(s):
>
> > 1. Name of illegal Controlled Substance: <u>Marijuana</u>
> > Date(s) or approximate date(s) of use: _____

The form was signed and dated by Chavana and his supervision officer. Step Two of the form, a denial of use of an illegal controlled substance, was blank.

Chavana argues that, because the date-of-use blank on his admission form was not filled in, the State could not prove by a preponderance of the evidence that he had used marijuana on April 9, 2007. The State, however, alleged that Chavana "illegally used a controlled substance, marijuana, or

5

cannabinoids, or excessively consumed alcoholic beverages on or about the dates shown below." The date shown after that was April 9, 2007—the same date shown at the top of Chavana's admission form. Consequently, Chavana's admission that he had used marijuana while on probation, since the last time he reported to his supervision officer, and prior to the date of the admission form—April 9, 2007—coupled with the requirement that he report no less than monthly, along with the reasonable inferences from these basic facts, adequately establishes by a preponderance of the evidence that such marijuana use occurred on or about April 9, 2007. *See Rickels v. State*, 202 S.W.3d 759, 764 (Tex. Crim. App. 2006) (recognizing in probation revocation hearing the trial court could infer ultimate facts from basic, proven facts).

Chavana also argues that a single drug use is not a violation of condition two of his community supervision that requires him to avoid "injurious or vicious habits." Condition two, however, provides, that Chavana is to "[a]void injurious or vicious habits *and abstain from the illegal use of controlled substances, marijuana, cannabinoids, or the excessive consumption of any alcoholic beverage."* [Emphasis added.] The State did not allege a violation of the first part of condition two relating to injurious or vicious habits but instead alleged, as set forth above, that Chavana had violated the second portion of condition two by illegally using marijuana during his probationary period. The

6

evidence referenced above established by a preponderance of the evidence that Chavana illegally used a controlled substance, namely marijuana, on or about April 9, 2007. *See Herrera v. State*, No. 04-97-00102-CR, 1997 WL 716569, at *1 (Tex. App.—San Antonio Nov. 19, 1997, no pet.) (not designated for publication) (holding that although a single use of an illegal drug may not be enough to constitute a "habit" for the purposes of a probation violation, a single use of cocaine was enough to support a finding that appellant violated condition 2 of his probation by using cocaine).

We therefore hold that the trial court did not abuse its discretion by finding that Chavana violated the terms and conditions of his deferred adjudication community supervision and by proceeding with an adjudication of Chavana's guilt. *See, e.g., Herrera*, 1997 WL 716569, at *1; *Wood*, 2008 WL 921497, at *1 (holding that trial court did not abuse its discretion by revoking probation after State proved that police found marijuana in backpack that appellant was carrying). Because one sufficient ground for revocation will support the trial court's order revoking probation, we need not address the remaining violations. *See Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. [Panel Op.] 1980); *see also* TEX. R. APP. P. 47.1. We therefore overrule Chavana's sole point.

## IV. CONCLUSION

Having overruled Chavana's sole point, we affirm the trial court's judgment.

SUE WALKER
JUSTICE

PANEL A:   CAYCE, C.J.; GARDNER and WALKER, JJ.

DO NOT PUBLISH
TEX. R. APP. P. 47.2(b)

DELIVERED: June 26, 2008

8