COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                 FORT
WORTH

 

 

                                        NO.
2-08-015-CR 



 

ROBERT OLIN STEEN, JR.                                                     APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

              FROM
THE 355TH DISTRICT COURT OF HOOD COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                                       ------------

I.  Introduction

Appellant Robert Olin Steen, Jr., appeals the adjudication
of his guilt for criminal nonsupport.  In
one point, he argues that the trial court abused its discretion by adjudicating
him guilty of the offense of criminal nonsupport because the evidence was legally
insufficient to support the allegations in the State=s motion to
proceed to adjudication.  We affirm. 








II.  Factual and
Procedural History

On September 6, 2006, Steen was indicted for criminal
nonsupport.[2]  On February 27, 2007, Steen pleaded guilty,
and the trial court placed him on deferred adjudication for five years.  The three relevant conditions of Steen=s community
supervision were: 

2.       Defendant
shall avoid injurious or vicious habits and shall abstain from the use of
controlled substances, alcohol, dangerous drugs, inhalants and narcotics or
habit forming drugs without a doctor=s prescription.

 

14.     Defendant
shall perform 300 hours of Community Service Restitution at a governmental,
charitable, or non-profit organization as assigned by the Community Supervision
Officer in charge of the case, at a rate of no less than 8 hours per week if
employed and 24 hours per week if unemployed, beginning within thirty (30) days
of [February 27, 2007] and be responsible for any costs of supervision.

 

17.     Defendant
shall complete an anger management program as approved by the Hood County
Community Supervision and Corrections Department in the county in which the
defendant resides.      

 

Steen was arrested for violating the terms of his community
supervision  after the results of an
August 20, 2007 urinalysis indicated that he had used marijuana.  On September 10, 2007, the State filed a
motion to adjudicate, alleging the three following violations of Steen=s community
supervision: 








A.      ROBERT OLIN
STEEN, Defendant, failed to avoid vicious or injurious habits and on or about
August 20, 2007, tested positive for marihuana, a violation of condition number
two of this Court=s Order.

 

B.      ROBERT OLIN
STEEN, Defendant, failed to complete Community Service Restitution at a rate of
8 hours if employed and 24 hours if unemployed, for all of the weeks of March 25,
2007 through August 6, 2007, a violation of condition number fourteen of this
Court=s Order.

 

C.      ROBERT OLIN
STEEN, Defendant, failed to attend and complete the anger management program as
directed by the Community Supervision and Corrections Department, a violation
of condition number seventeen of this Court=s Order. 

 

On November 16, 2007, the trial court held a hearing on the
State=s motion to
adjudicate.  Steen entered a plea of Anot true@ to the
allegations in the State=s motion. 
Jennifer Davis, Steen=s community
supervision officer, testified that Steen tested positive for marijuana on June
29, 2007, and on August 20, 2007.  He
served four days in jail for the June 29 violation.  Steen testified that he experienced severe
back pain and required pain medication, but the prescription pills compounded a
liver condition, so he used marijuana in lieu of the prescription pills.  He further stated that he did not smoke marijuana
after the end of June 2007 and claimed that residue of the marijuana he smoked
in June remained in his body when he took the drug test in August.








Davis also testified that Steen had not completed his
required community service hours as directed. 
He only completed 21.5 hours between the weeks of March 25, 2007 through
August 6, 2007.  Steen admitted that he
had not performed his community service hours as directed, but he also
testified that an unnamed community supervision official told him that he had
five years to complete his required hours. 

Davis further testified that Steen did not complete the
required anger management course. 
Although Steen could not initially afford to enroll in the course, his
child support obligation was subsequently reduced in June 2007, which allowed
him to pay for the anger management course. 
Davis testified that Steen enrolled in the course, but it was cancelled
due to low enrollment. She also testified that she told Steen that he had until
October 2007 to complete the course.

The trial court found all allegations in the State=s motion to
adjudicate to be true and sentenced Steen to twenty-four months in state
jail.  On December 12, 2007, Steen filed
a notice of appeal. 

III.  Adjudication of
Guilt Supported by the Record








In his sole point, Steen contends that the trial court
abused its discretion by adjudicating him guilty of the offense of criminal
nonsupport because there was legally insufficient evidence to support the
allegations contained in the State=s motion to
proceed to adjudication. 

Appellate review of the decision to adjudicate guilt is Ain the same manner@ as review of the
revocation of community supervision.  Tex. Code Crim. Proc. Ann. art. 42.12, ' 5(b) (Vernon
Supp. 2008).  Appellate review of a
community supervision revocation is limited to determining whether the trial
court abused its discretion, and we examine the evidence in the light most
favorable to the trial court=s findings.  See Cardona v. State, 665 S.W.2d 492,
493B94 (Tex. Crim.
App. 1984).  The State must prove by a
preponderance of the evidence that appellant violated the conditions of his
probation.  Cobb v. State, 851
S.W.2d 871, 874 (Tex. Crim. App. 1993). 
The trial judge is the sole trier of facts and determines the
credibility of the witnesses and the weight to be given to the testimony.  See Lee v. State, 952 S.W.2d 894, 897
(Tex. App.CDallas 1997, no pet.).








Here, the evidence suggests that Steen tested positive for
marijuana on June 29, 2007, and admitted to using the drug during the month of
June.  Steen served four days in jail
following the June urinalysis, and the motion to adjudicate did not mention the
drug use during or prior to June 2007. 
He also tested positive for marijuana on August 20, 2007, although he
denied smoking marijuana after June 2007. 
Appellant did not deny that the results of his August 20, 2007
urinalysis were positive for marijuana. 
The positive urinalysis adequately established by a preponderance of the
evidence that Steen used marijuana sometime between June 29, 2007, and August
20, 2007.  See Rickels v. State,
202 S.W.3d 759, 764 (Tex. Crim. App. 2006) (recognizing that in a probation
revocation hearing, the trial court could infer ultimate facts from basic,
proven facts).  

We therefore hold that the trial court did not abuse its
discretion by finding that Steen violated the terms and conditions of his
deferred adjudication community supervision and by proceeding with an
adjudication of guilt.  See Chavanna
v. State, No. 02-07-00290-CR, 2008 WL 2553389, at *2B3 (Tex. App.CFort Worth June
26, 2008, no pet. h.) (mem. op.) (not designated for publication) (holding that
evidence of a single instance of drug use is sufficient to find that a
condition of the appellant=s terms of
community supervision was violated). 
Because one sufficient ground for revocation supports the trial court=s order revoking
community supervision and proceeding to adjudication, we need not address the
remaining violations.  Moore v. State,
605 S.W.2d 924, 926 (Tex. Crim. App. [Panel Op.] 1980); see also Tex. R. App. P. 47.1.  Accordingly, we overrule Steen=s sole point.

 

 








 

IV.  Conclusion

Having overruled
Steen=s sole point, we affirm the trial court=s judgment.

       

PER CURIAM

 

PANEL:  MCCOY, J.; CAYCE, C.J.; and LIVINGSTON, J.

 

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:
August 7, 2008











[1]See Tex. R. App. P. 47.4.





[2]See Tex.
Penal Code Ann. ' 25.05 (Vernon 2003).