# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-08-00706-CR

**Freddy Lee Heine, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT
### NO. 58106, HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Freddy Lee Heine appeals from the revocation of his community supervision and the adjudication of his guilt for the offense of intentionally and knowingly causing serious mental injury to a child younger than fifteen years of age. The court found true five alleged violations of the terms of his community supervision. Heine contends that the statute underlying one of the alleged violations is unconstitutionally vague. We affirm.

In September 2005, Heine pleaded guilty to the offense of injury to a child. Adjudication was deferred for three years and he was placed on community supervision. As part of his community supervision, Heine was required not to violate criminal laws, to pay restitution of $6,840, to pay substance abuse testing fees, and to complete 350 hours of community service.

In June 2008, the State filed an amended motion to adjudicate, alleging that Heine committed five violations of the terms of his community service: (1) he intentionally, knowingly,

and recklessly caused bodily injury to his 40-year-old sister by punching her in the jaw and pushing her hard to the ground; (2) he made repeated telephone calls to a woman in a manner reasonably likely to harass, annoy, alarm, and embarrass her with the intention to have that effect; (3) he failed to pay restitution as ordered at $205 per month, being delinquent by $1,524; (4) he failed to pay a $5 monthly substance abuse test fee, being delinquent by $5; and (5) he failed to complete ten hours per month of community service, having completed only 265 of the 320 hours due by that time. Heine pleaded "not true" to each allegation. The court found all five allegations true, revoked Heine's community supervision, adjudicated him guilty of injury to a child, and assessed sentence at fifteen years in prison.

Heine appeals, contending that the revocation and adjudication were erroneous because the telephone harassment statute is unconstitutionally vague on its face and as applied to him because the "reasonable man" standard is undefined, particularly as it applies to a mentally retarded man. He does not contest the findings of true on the remaining violations. He contends only that the monetary and community supervision violations were not serious and that the fight with his sister was "simply a family dispute which was quickly resolved." Appellant contends that, without the telephone harassment charge, the court would have been less likely to have revoked his supervision and that his mental retardation would have mitigated against the harsh punishment of fifteen years in prison.

If a single ground for revocation is supported by the evidence and is valid, the trial court does not abuse its discretion by revoking a term of community supervision. *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980); *Martinez v. State*, 130 S.W.3d 95, 99

(Tex. App.—El Paso 2003, no pet.). The State has the burden of showing by a preponderance of the evidence that the defendant committed a violation of the conditions of community supervision. *Cobb v. State*, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993). The trial court's order revoking community supervision is reviewed under an abuse of discretion standard. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006). The trial court is the sole judge of the credibility of the witnesses and the weight given to their testimony, and the evidence is reviewed in the light most favorable to the trial court's ruling. *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984).

The State introduced evidence concerning all of the alleged violations. When his community supervision officer testified, Heine had seventeen days remaining on his three-year community supervision term. She testified that he still owed $1,084 in restitution, but that he had paid his delinquent test fee. He had 35 hours of community supervision remaining.

Heine's sister testified regarding his assault on her. She testified that, as he often did, Heine was demanding money from her and her mother and became angry when they declined. His sister testified that, when he cursed at them and got up in their mother's face, his sister called him a "son of a bitch." Heine's sister testified that she walked out of the house and that Heine followed her, hit her in the jaw, and pushed her down. She testified that her jaw and chest were bruised, and the swelling in her jaw prompted her to seek medical attention. There was no contrary evidence.

The evidence of Heine's assault on his sister alone is sufficient to support revocation. Heine does not challenge that finding or the other three violations. The fifteen-year sentence is for the original charged offense—injury to a child—not his subsequent supervision violations that also may form the basis of separate criminal prosecution and punishment. Without addressing whether

3

there was any error in the trial court's consideration of the telephone harassment allegation, we conclude that any such error was harmless.  We find no abuse of discretion in the court's revocation of Heine's term of community supervision.

Affirmed.

_____

G. Alan Waldrop, Justice

Before Justices Patterson, Pemberton and Waldrop

Affirmed

Filed:   August 14, 2009

Do Not Publish