NO. 07-09-0164-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

APRIL 27, 2010

_____

TIMOTHY MICHAEL KNOOP,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 31ST DISTRICT COURT OF HEMPHILL COUNTY;

NO. 2731; HONORABLE STEVEN RAY EMMERT, PRESIDING

_____

***Anders Opinion***

_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Timothy Michael Knoop was convicted on June 11, 2008, of assaulting a public servant after his plea of guilty and, pursuant to a plea bargain, sentenced to confinement for seven years and a fine of $3,000, probated for seven years. Thereafter, on November 6, 2008, the State filed a motion to revoke appellant's probation and alleged that he committed numerous violations of the terms of his probation. An amended motion to revoke was filed on March 9, 2009. After a hearing,

the trial court revoked appellant's probation and sentenced him to seven years confinement.

Appellant's appointed counsel has filed a motion to withdraw, together with an *Anders*[1] brief, wherein he certifies that, after diligently reviewing the record, he has concluded that appellant's appeal is without merit. Along with his brief, he has filed a copy of a letter sent to appellant informing him of counsel's belief that there was no reversible error and of appellant's right to appeal *pro se.* By letter dated March 11, 2010, this court notified appellant of his right to file his own brief or response by April 9, 2010, if he wished to do so. Appellant filed his response on March 18, 2010.

In compliance with the principles enunciated in *Anders*, appellate counsel discussed several potential areas for appeal. They involve 1) the entry of two *nunc pro tunc* judgments without notice to appellant or opportunity to be heard, 2) the sufficiency of the evidence to show that he violated the condition of his probation that he maintain steady employment, 3) the sufficiency of the evidence to show that he is able to pay court costs, fines, and probation fees, 4) the trial court's overruling of appellant's motion for the discovery of an alleged video of his original offense, and 5) the trial counsel's failure to cross-examine two of the State's witnesses. However, counsel has explained why each argument lacks merit.

Appellant himself also raised several issues attempting to rebut the evidence admitted at the hearing, challenging the trial court's alleged modification of the conditions of his probation and imposition of a requirement for payment of court costs

---

[1] *See Anders v. California,* 386 U.S. 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

without notice to him, and challenging the sufficiency of the evidence to show his ability to pay fees imposed upon him.

We also have conducted our own review of the record to assess the accuracy of appellate counsel's conclusions and the issues of appellant and to uncover any reversible error pursuant to *Stafford v. State,* 813 S.W.2d 503 (Tex. Crim. App. 1991). We did so knowing that the violation of any one condition is sufficient to support the revocation of probation. *Moore v. State,* 605 S.W.2d. 924, 926 (Tex. Crim. App. 1980). And, if we were to exclude those complaints pertaining to the trial court's entry of *nunc pro tunc* judgments (in order to conform the judgment to the trial court's oral pronouncements made at time of sentencing) and appellant's ability to pay his fines and fees, we nonetheless conclude that the evidence establishes the violation of other conditions of his probation. Thus, the trial court did not err in revoking probation. Simply put, our own review of the record confirms appellate counsel's representation that the appeal is meritless.[2]

Accordingly, appellant's appeal is dismissed.[3]

Brian Quinn
Chief Justice

Do not publish.

---

[2]Our disposition of this matter precludes the necessity for us to rule upon the State's motion for an extension of time to file a brief.

[3]Appellant has the right to file a *pro se* petition for discretionary review from this opinion.