NO. 07-11-0361-CR
 
 IN THE COURT OF APPEALS
 
 FOR THE SEVENTH DISTRICT OF TEXAS
 
 AT AMARILLO
 
 PANEL B
 
--------------------------------------------------------------------------------
MAY 21, 2012

--------------------------------------------------------------------------------

 
 MARCO DANFORD, 
 
 Appellant 
 v.
 
 THE STATE OF TEXAS, 
 
 Appellee
 _____________________________
 
 FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;
 
 NO. 2009-423,090; HONORABLE JIM BOB DARNELL, PRESIDING

--------------------------------------------------------------------------------

--------------------------------------------------------------------------------
Memorandum Opinion
--------------------------------------------------------------------------------

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.
 Appellant, Marco Danford, was placed on deferred adjudication after pleading guilty to aggravated assault. The State then moved to revoke his probation alleging he had committed a new offense of domestic assault. The trial court convened a hearing on the motion and eventually granted the State's request. Thereafter, appellant was sentenced to three years imprisonment. In seeking to overturn that conviction, appellant questions the sufficiency of the evidence underlying the trial court's determination that he committed domestic assault and its decision to allow the State to amend its motion to adjudicate after evidence had already been presented. We overrule both issues and affirm the judgment. 
 Sufficiency of the Evidence
 We review a trial court's decision to adjudicate guilt under the standard of abused discretion. Rickels v. State, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006). The decision need only be supported by a preponderance of the evidence meaning that the greater weight of credible evidence creates a reasonable belief that the defendant violated a condition of his community supervision. Id. 
 Appearing of record is evidence that 1) Stegall (the victim) placed a 9-1-1 call, and 2) when the police arrived at the scene, she told an officer that appellant got upset, pulled her from a car by her hair, dragged her up the sidewalk, hit her, strangled her, and pulled her hair out. She also said that she had been struck in the jaw and over her right eye by appellant and that she had held onto the gate post and the porch post to try to prevent him from dragging her. Pictures of various injuries appearing on her body and matching her description of what occurred were taken and admitted into evidence. That Stegall also lived with appellant when not pole dancing in Fort Worth appeared in the record. The officer further described Stegall as being upset. Evidence that appellant had struck his previous girlfriend was also admitted. 
 Stegall eventually recanted her comments to the officer. And, at the hearing she informed the trial court that she did not remember calling or visiting with the police. So too did she testify that the injuries appearing in the pictures were not caused by appellant, but rather by her engaging in a fight at a night club, burning herself with a curling iron, bruising herself while falling out of a car, and bruising her thighs while pole dancing. 
 From the foregoing recitation of evidence, the trial court could have reasonably determined that appellant committed assault per §22.01(b)(2)(B) of the Texas Penal Code, which could be interpreted as the charge levied in the motion to revoke. Stegall's recantation and explanation for her injuries did not require the trial court to hold otherwise but rather created credibility issues which the factfinder was free to resolve. In other words, the trial court was free to accept or reject her altered testimony. See Chambers v. State, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991) (recognizing that a jury could disbelieve a witness' recantation). It did not have to ignore it.
 Amended Motion to Adjudicate Guilt 
 As for whether amending the motion to adjudicate guilt was proper, we need not decide that issue. The trial court pronounced, in open court, the ground upon which it opted to adjudicate guilt, i.e. domestic assault. That ground did not include the one added via the amended motion (a motion to which no one objected). So, it does not matter whether other grounds for revocation were belatedly presented to the trial court. See Moore v. State, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980) (noting that the State need only establish one ground to revoke a defendant's probation). 
 Accordingly, the judgment is affirmed. 

 Brian Quinn 
 Chief Justice

Do not publish.