NO. 07-11-0361-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

MAY 21, 2012

_____

MARCO DANFORD,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2009-423,090; HONORABLE JIM BOB DARNELL, PRESIDING

_____

*Memorandum Opinion*

_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Appellant, Marco Danford, was placed on deferred adjudication after pleading guilty to aggravated assault. The State then moved to revoke his probation alleging he had committed a new offense of domestic assault. The trial court convened a hearing on the motion and eventually granted the State's request. Thereafter, appellant was sentenced to three years imprisonment. In seeking to overturn that conviction, appellant questions the sufficiency of the evidence underlying the trial court's

determination that he committed domestic assault and its decision to allow the State to amend its motion to adjudicate after evidence had already been presented. We overrule both issues and affirm the judgment.

*Sufficiency of the Evidence*

We review a trial court's decision to adjudicate guilt under the standard of abused discretion. *Rickels v. State,* 202 S.W.3d 759, 763 (Tex. Crim. App. 2006). The decision need only be supported by a preponderance of the evidence meaning that the greater weight of credible evidence creates a reasonable belief that the defendant violated a condition of his community supervision. *Id.*

Appearing of record is evidence that 1) Stegall (the victim) placed a 9-1-1 call,[1] and 2) when the police arrived at the scene, she told an officer that appellant got upset, pulled her from a car by her hair, dragged her up the sidewalk, hit her, strangled her, and pulled her hair out. She also said that she had been struck in the jaw and over her right eye by appellant and that she had held onto the gate post and the porch post to try to prevent him from dragging her. Pictures of various injuries appearing on her body and matching her description of what occurred were taken and admitted into evidence. That Stegall also lived with appellant when not pole dancing in Fort Worth appeared in the record. The officer further described Stegall as being upset. Evidence that appellant had struck his previous girlfriend was also admitted.

---

[1]Though a recording of the call was played for the trial court, its contents were not transcribed into the record. Moreover, neither the State nor appellant included a copy of the recording in the appellate record. Why they failed to do so and otherwise facilitate our disposition of this appeal is unknown.

Stegall eventually recanted her comments to the officer. And, at the hearing she informed the trial court that she did not remember calling or visiting with the police. So too did she testify that the injuries appearing in the pictures were not caused by appellant, but rather by her engaging in a fight at a night club, burning herself with a curling iron, bruising herself while falling out of a car, and bruising her thighs while pole dancing.

From the foregoing recitation of evidence, the trial court could have reasonably determined that appellant committed assault per §22.01(b)(2)(B) of the Texas Penal Code, which could be interpreted as the charge levied in the motion to revoke.[2] Stegall's recantation and explanation for her injuries did not require the trial court to hold otherwise but rather created credibility issues which the factfinder was free to resolve. In other words, the trial court was free to accept or reject her altered testimony. *See Chambers v. State,* 805 S.W.2d 459, 461 (Tex. Crim. App. 1991) (recognizing that a jury could disbelieve a witness' recantation).[3] It did not have to ignore it.

*Amended Motion to Adjudicate Guilt*

As for whether amending the motion to adjudicate guilt was proper, we need not decide that issue. The trial court pronounced, in open court, the ground upon which it

---

[2]Among other things, the State accused appellant of committing "the offense of Assault Domestic Violence Strangle." No cite to such an offense was provided this court. However, our own research disclosed the offense cited in the body of our opinion. Furthermore, that offense encompasses assaults upon both family members and those with whom the accused has a dating relationship. *See* TEX. PENAL CODE ANN. § 22.01(b)(2)(B) (West 2011) (describing an assaultive offense against persons described in various sections of the Family Code); TEX. FAM. CODE ANN. § 71.001 *et seq.* (West 2008 & West Supp. 2011) (describing the persons alluded to in § 22.01(b)(2)(B) of the Penal Code).

[3]Although appellant argues that Stegall's version of events offered at trial must be believed because she was granted immunity by the State, we are cited to no authority in support of that proposition.

opted to adjudicate guilt, *i.e.* domestic assault. That ground did not include the one added via the amended motion (a motion to which no one objected). So, it does not matter whether other grounds for revocation were belatedly presented to the trial court. *See Moore v. State,* 605 S.W.2d 924, 926 (Tex. Crim. App. 1980) (noting that the State need only establish one ground to revoke a defendant's probation).

Accordingly, the judgment is affirmed.

Brian Quinn
Chief Justice

Do not publish.