Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio



# MEMORANDUM OPINION

No. 04-11-00759-CR

Virgil **LEONARD**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 186th Judicial District Court, Bexar County, Texas
Trial Court No. 2010CR0663
Honorable Maria Teresa Herr, Judge Presiding

Opinion by:    Karen Angelini, Justice

Sitting:    Catherine Stone, Chief Justice
    Karen Angelini, Justice
    Marialyn Barnard, Justice

Delivered and Filed:  September 5, 2012

AFFIRMED, MOTION TO WITHDRAW GRANTED

This is an appeal from an order revoking community supervision. On October 19, 2010, Virgil Leonard pled nolo contendere to the offense of possession of cocaine in an amount less than one gram, and was sentenced to fifteen months' confinement in a state jail facility. Leonard's sentence was suspended, and he was placed on community supervision for two years. According to the initial terms and conditions of community supervision, Leonard was required to participate in the Substance Abuse Treatment Facility (SATF). According to the amended terms

and conditions of community supervision, Leonard was required to participate in the felony drug court program and the Mentally Impaired Offenders Facility (MIOF). Leonard was also required to comply with the rules and regulations of all three programs.

On July 29, 2011, the State filed a motion to revoke community supervision, alleging Leonard violated three terms and conditions of his community supervision. Specifically, the revocation motion alleged Leonard failed to comply with the rules and regulations of the SATF, the MIOF, and the felony drug court program. At the revocation hearing, Leonard pled "not true" to the allegations in the State's revocation motion. The State then presented evidence showing Leonard was discharged from the SATF and the MIOF for failing to follow the programs' rules and regulations. The trial court revoked Leonard's community supervision. Leonard appealed.

Leonard's court-appointed appellate attorney has filed a motion to withdraw and a brief in which she concludes that this appeal is frivolous and without merit. *See Anders v. California*, 386 U.S. 738 (1967); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978). Counsel states that appellant was provided with a copy of the brief and the motion to withdraw and was further informed of his right to review the record and file his own brief. *See Bruns v. State*, 924 S.W.2d 176, 177 n.1 (Tex. App.—San Antonio 1996, no pet.). Leonard has not filed a pro se brief.

We have reviewed the record and counsel's brief. We agree with counsel that this appeal is frivolous and without merit. Proof of a single violation of the terms and conditions of community supervision is sufficient to support a revocation order. *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980); *Reasor v. State*, 281 S.W.3d 129, 134 (Tex. App.—San Antonio 2008, pet. ref'd). Here, the evidence established at least two of the violations alleged in the revocation motion. The judgment of the trial court is therefore affirmed. Furthermore, we

grant the motion to withdraw. *See Nichols v. State*, 954 S.W.2d 83, 85–86 (Tex. App.—San Antonio 1997, no pet.); *Bruns*, 924 S.W.2d at 177 n.l.

No substitute counsel will be appointed. Should Leonard wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the later of (1) the date of this opinion; or (2) the date the last timely motion for rehearing is overruled by this court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed in the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3. Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4.

Karen Angelini, Justice

DO NOT PUBLISH