In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-13-00365-CR
_____


DAVARIS DEQUAIN MARSH, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 75th District Court
Liberty County, Texas
Trial Cause No. CR29065

## MEMORANDUM OPINION

In this case, the appellant's court-appointed appellate counsel submitted a brief in which counsel contends that no arguable grounds can be advanced in Davaris Dequain Marsh's appeal from his sentence for committing aggravated robbery, enhanced because he had been convicted of committing prior second and third degree felonies. *See* Tex. Penal Code Ann. § 12.42(d) (West Supp. 2014)[1] (authorizing an enhanced sentence range in cases where a defendant is convicted of

[1]We cite to the current version of the statute as the subsequent amendments do not affect the outcome of this appeal.

1

a first, second, or third degree felony, when the defendant has previously been convicted of any combination of two prior first, second, or third degree felonies), § 29.03(a)(1), (b) (West 2011) (indicating that aggravated robbery is a first degree felony). Based on our review of the record, we agree that no arguable issues exist to support Marsh's appeal. *See Anders v. California*, 386 U.S. 738, 744 (1967).

In carrying out a plea bargain agreement, Marsh pled guilty to aggravated robbery, a first degree felony. *See* Tex. Penal Code Ann. § 29.03(a)(1), (b). Under the terms of Marsh's plea agreement, the trial court deferred the adjudication of Marsh's guilt, placed Marsh on community supervision for ten years, and assessed a fine of $1,000.00. Subsequently, the State filed a motion asking the trial court to revoke its decision placing Marsh on community supervision. During the hearing on the State's motion, Marsh pled "true" to violating three of the terms of the trial court's community supervision order and "not true" to two other terms of the trial court's order. At the conclusion of an evidentiary hearing, the trial court found three of the State's allegations to be true. The trial court then granted the State's motion to revoke and sentenced Marsh to twenty-five years in prison.

On appeal, Marsh's counsel filed a brief presenting counsel's professional evaluation of the record; in the brief, Marsh's counsel concludes that Marsh's appeal is frivolous. *See Anders*, 386 U.S. at 744; *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978). We granted an extension of time to allow Marsh to file a

*pro se* brief. In response, Marsh filed a *pro se* brief, contending that counsel rendered ineffective assistance at his revocation hearing by allowing him to plead "true" to some of the allegations and that counsel failed to investigate the State's claims that he had committed additional offenses. Marsh's claim of ineffective assistance is not supported by the record before us.

Generally, trial courts may revoke a decision to place a defendant on community supervision if the defendant violates any of the terms of a trial court's community supervision order. *See Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980). After reviewing the appellate record, the *Anders* brief filed by Marsh's counsel, and Marsh's *pro se* response, we agree with counsel's conclusion that any appeal would be frivolous. Consequently, we need not order the appointment of new counsel to re-brief Marsh's appeal. *Cf. Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We affirm the trial court's judgment.[2]

AFFIRMED.

_____
HOLLIS HORTON
Justice

Submitted on October 15, 2014
Opinion Delivered October 29, 2014
Do Not Publish

Before Kreger, Horton, and Johnson, JJ.

_____

[2]Marsh may challenge our decision in this case by filing a petition for discretionary review. *See* Tex. R. App. P. 68.

3