**Opinion filed August 31, 2015**



In The

# Eleventh Court of Appeals

_____

## No. 11-13-00330-CR

_____

## RAMON IBARRA QUIROGA, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 244th District Court**

**Ector County, Texas**

**Trial Court Cause No. C-35,207**

## M E M O R A N D U M   O P I N I O N

This is an appeal from the revocation of Ramon Ibarra Quiroga's community supervision in a possession-of-a-controlled-substance case. We affirm.

The grand jury indicted Appellant for possession of a controlled substance, cocaine, in the amount of four grams or more but less than two hundred grams, with intent to deliver. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(a), (d) (West

2010). Appellant pleaded guilty to the lesser included offense of possession of a controlled substance. *See id.* The trial court convicted Appellant, assessed his punishment in accordance with the terms of the plea agreement, suspended the imposition of the sentence, and placed Appellant on community supervision for a term of eight years. Subsequently, the State filed a motion to revoke Appellant's community supervision and alleged that Appellant violated three terms of his community supervision. After a hearing, the trial court found the State's allegations to be true. The trial court revoked Appellant's community supervision and assessed his punishment at confinement for seven years.

In a single issue, Appellant challenges the trial court's revocation of his community supervision. Appellant challenges each of the violations alleged by the State. Specifically, Appellant contends that there was insufficient evidence to prove that he failed to report to county probation authorities on the alleged dates and that he failed to obtain permission to travel outside Ector County.

We review a trial court's decision to revoke community supervision under an abuse of discretion standard. *Rickels v. State*, 202 S.W.3d 759, 764 (Tex. Crim. App. 2006); *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984). The trial court is the sole judge of the credibility of the witnesses and the weight to be given to their testimony. *Garrett v. State*, 619 S.W.2d 172, 174 (Tex. Crim. App. [Panel Op.] 1981). We review the evidence in the light most favorable to the trial court's ruling. *Cardona*, 665 S.W.2d at 493. We will uphold a trial court's decision to revoke if any one of the alleged violations of the conditions of community supervision is supported by sufficient evidence. *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. [Panel Op.] 1980).

The State met its burden to prove by a preponderance of the evidence at least one of the alleged violations. The terms and conditions of Appellant's community supervision required that Appellant obtain written consent of the court before

2

leaving Ector County. Appellant concedes that he traveled outside Ector County to El Paso, but he argues that there is insufficient evidence to show that he had not been given a three-month "blanket travel permit" that he often received because of his frequent travels for work and to visit his father.

April Lollar, Appellant's community supervision officer, testified that she was responsible for monitoring Appellant during his probationary period. Additionally, Lollar stated that Appellant was familiar with the process that he was required to go through in order to leave Ector County; Appellant had previously received several travel permits to leave Ector County. Lollar testified that Appellant was in El Paso without a travel permit or permission. Therefore, Appellant failed to adhere to the travel restrictions of his community supervision. Lollar's testimony was sufficient for the trial court to find by a preponderance of the evidence that Appellant violated the travel restrictions that were set out in the terms and conditions of his community supervision. We hold that the trial court did not abuse its discretion when it revoked Appellant's community supervision. We overrule Appellant's sole issue on appeal.

Because we will uphold a trial court's decision to revoke if any one of the alleged violations of the conditions of community supervision is supported by sufficient evidence, we need not address whether there was sufficient evidence to prove that Appellant failed to report to his community supervision officer four times in 2012 and two times in 2013. *See* TEX. R. APP. P. 47.1; *Moore*, 605 S.W.2d at 926.

We affirm the judgment of the trial court.


August 31, 2015                                                      JIM R. WRIGHT

Do not publish. *See* TEX. R. APP. P. 47.2(b).          CHIEF JUSTICE

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.

3