

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-21-00018-CR

---

**MYRRON KELLY CHANDLER, APPELLANT**

**V.**

**THE STATE OF TEXAS**

---

On Appeal from the 47th District Court
Randall County, Texas,
Trial Court No. 23,816-A, Honorable Dan L. Schaap, Presiding

---

May 25, 2022

## MEMORANDUM OPINION

Before PIRTLE and PARKER and DOSS, JJ.

On May 3, 2013, Appellant, Myrron Kelly Chandler, pled guilty to the offense of Driving While Intoxicated, Third or More,[1] and was adjudged pursuant to a plea bargain to seven years of confinement, community supervision for ten years with conditions, and a fine of $1,000. In October 2020, the State filed its motion to revoke, alleging Appellant violated, among other terms, condition 11[2] by consuming alcohol on August 10, 2020, as

---

[1] *See* TEX. PENAL CODE §§ 49.04, 49.09(b) (a third-degree felony).

[2] Condition 11 required Appellant to abstain from the consumption of alcohol in any form at any time.

evidenced that he had admitted the same to his community supervision officer (CSO). The State also alleged that on September 19, 2020, Appellant violated the conditions of his community supervision when he violated state law by driving while intoxicated and unlawfully possessing a firearm by a felon.

On December 8, 2020, Appellant entered a plea of "true" to paragraph 2 of the State's motion alleging that he violated condition 11,[3] and "not true" to the remaining allegations (i.e., violations of conditions 1, 12, and 44). The trial court then held a hearing on the State's motion. The hearing resumed on December 11, when CSO Cindy Aleman testified Appellant admitted using alcohol in August 2020. On December 11, 2020, the trial court entered its *Judgment Revoking Community Supervision,* assessing punishment of seven years of confinement and a $1,000 fine. Thereafter, Appellant filed this appeal.

Appellant argues that the charges for driving while intoxicated and illegally possessing a firearm were invalid because the officers lacked reasonable suspicion to initiate the traffic stop that resulted in his arrest. Appellant also argues the trial court abused its discretion when it admitted hearsay evidence of 911 calls from the same day from an individual claiming to be stalked by Appellant. Appellant does not challenge his plea of "true" to consuming alcohol in August 2020 or CSO Aleman's testimony of Appellant's admission to her, despite the fact that condition 11 prohibited Appellant from consuming any alcohol during his period of community supervision.

---

[3] The record shows the following colloquy regarding Appellant's violation of condition 11:

THE COURT: Then in paragraph 2, it alleges that you violated condition 11, regarding the consumption of alcohol in subparagraph A by consuming alcohol on or about August 10th of 2020. With respect to that allegation how do you plead, is that true or not true?

THE DEFENDANT: True.

A trial court's order revoking community supervision is reviewed for an abuse of discretion. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006). One sufficient ground for revocation will support the trial court's order to revoke. *Venegas v. State*, No, 07-96-0025-CR, 1996 Tex. App. LEXIS 4667, at *3-4 (Tex. App.—Amarillo Oct. 22, 1996, no pet.). A plea of true, standing alone, is sufficient to support the revocation of community supervision and adjudicate guilt. *Tapia v. State*, 462 S.W.3d 29, 31 n.2 (Tex. Crim. App. 2015) (citing *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. [Panel Op.] 1980)). An admission to a probation officer to violating a condition of community supervision is also, by itself, sufficient to support a revocation of community supervision. *Busby v. State*, No. 07-20-00001-CR, 2021 Tex. App. LEXIS 1891, at *5 (Tex. App.—Amarillo March 11, 2021, pet. ref'd) (citation omitted).

Appellant's brief argues that "[b]ecause the trial court based its revocation in part" on the DWI and unlawful possession of firearm offenses, the judgment is in error. This Court disagrees because independent grounds for revoking Appellant's community supervision remain in the unchallenged evidence that Appellant violated condition 11 when he consumed alcohol in August 2020. Accordingly, we hold that the trial court did not abuse its discretion by revoking Appellant's community supervision and imposition of the aforementioned sentence. This determination pretermits review of Appellant's issues on appeal.

The judgment is affirmed.

                                                    Lawrence M. Doss
                                                    Justice

Do not publish.

3